IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DeWAYNE WALKER, SR., KAREN WALKER, his wife, <u>D.W. Jr</u>., minor child and <u>T. W.</u>, minor child,　　　　　　: <br><br>　　　　　Plaintiffs,　　　　　　　　　　: <br><br>　　v.　　　　　　　　　　　　　　　　　: <br><br>THE CITY OF WILMINGTON, a political : subdivision of the State of Delaware,　　: DETECTIVE MICHAEL R. LAWSON, JR.,: individually and in his official capacity, and : UNKNOWN ENTITIES,　　　　　　　　: <br><br>　　　　　Defendants.| <br><br><br><br><br><br>C.A. NO.  06-288<br><br><br>**<u>Jury Trial Demanded</u>** |

### 1st Amended COMPLAINT

**JURISDICTION**

   This court has original jurisdiction over this matter that is brought to redress the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States pursuant to 28 <u>U.S.C.</u> §1331 and §1343.  The federal issues involved arise under 42 <u>U.S.C.</u> § 1983.  This court has supplemental jurisdiction over all other claims asserted herein in that they are related to those issues over which original jurisdiction is conferred and are part of the same controversy, pursuant to 28 <u>U.S.C</u>. §1367(a).

**PARTIES**

   1.   Plaintiff DeWayne Walker, Sr. is a 39 year old African-American and is a citizen of the State of Delaware.  His address is 118 Dutton Place, City of New Castle, New Castle, DE 19720 (hereafter "Plaintiff Walker, Sr.").

2. Plaintiff Karen Walker, is the wife of Plaintiff Walker, Sr. and is a citizen of the State of Delaware (hereafter "Plaintiff K. Walker").  Her address is 118 Dutton Place, City of New Castle, New Castle, Delaware 19720.  She is an African-American.

3. Plaintiff D.W. Jr., a child of Plaintiff Walker, Sr. and Plaintiff K. Walker, and is a citizen of the State of Delaware.  His address is 118 Dutton Place, City of New Castle, New Castle, DE 19720 (hereafter "Plaintiff D.W., Jr.").  He is African-American.

4. Plaintiff T.W. is the minor child of Plaintiff Walker, Sr. and Plaintiff K. Walker and is a citizen of the State of Delaware (hereafter "Plaintiff T. W.").  Her address is 118 Dutton Place, City of New Castle, New Castle, Delaware 19720.  She is an African-American.

5. Defendant City of Wilmington, is a political subdivision of the State of Delaware (hereinafter "City").  The City maintains a police department whose jurisdiction is limited by statute to the City of Wilmington except in circumstances not relevant here.

6. Defendant Michael R. Lawson, Jr. (hereinafter "Defendant Lawson" is a detective with the Wilmington Police Department.

7. Defendant Unknown Entity(ies) is/are political subdivision(s) of the State of Delaware and/or individuals involved in relevant circumstances to the events alleged in this Complaint.

## GENERAL ALLEGATIONS

8. On September 15, 2005 at approximately 6:00 a.m., Plaintiff Walker, Sr. was in his residence preparing for work, his wife, Plaintiff K. Walker was within the house with their one year old daughter, Plaintiff T. Walker.  The Plaintiffs' 15 year old son, Plaintiff D.W., Jr. was asleep in his upstairs bedroom.

9. At approximately 6:05 a.m. members of the City of Wilmington Police, including heavily armed members of the SWAT unit broke through the front door of the home and stormed the inside of the residence holding and detaining Plaintiff Walker, Sr. at gun point and handcuffs, on his knees, in his basement and further detained Plaintiff K. Walker at gun point with Plaintiff T. W. by forcing them to sit on their laundry room floor.

10. Plaintiff K. Walker informed officers they did not have to point guns at them, but was ignored. Plaintiff Walker, Sr. repeatedly said, "You guys have the wrong house."

11. Defendant Lawson appeared on the scene and began searching through Plaintiff Walker, Sr.'s pockets. Defendant Lawson took out Plaintiff Walker, Sr.'s wallet and went through the wallet. He said he could not find Walker, Sr.'s driver's license. He then told Walker, Sr. to carefully go through the wallet and "give me your driver's license, I can't find it". Defendant Lawson then took off Walker, Sr.'s handcuffs. After reviewing Walker, Sr.'s driver's license, Lawson presented Walker Sr. with a photo of the suspect and asked him if he knew the man. The answer was negative. The detective then requested information if anyone else was in the house besides himself, his wife and 1 year old child. Walker, Sr. said his fifteen year old son was upstairs. Lawson asked what he was doing up there, Walker, Sr. said, "he is sleeping in his bed".

12. The police units then proceeded to the upstairs and entered the bedroom of Plaintiff D.W., Jr. who woke to officers moving into his bedroom, guns and laser sights pointed at him. He was laying in the bed and they were asking his name. He responded. They told him to get up slowly and emphasized move slowly. He was naked. The officers then searched his dresser drawers for clothing. They handed him a pair of pants. They told him to put on the clothing.

There are twin beds in the room.  The officers asked him who else sleeps in the room.  <u>D.W., Jr.</u> responded that it is a guest bed and that no one sleeps there.  They continued to interrogate him with the same questions, then moved him forcefully downstairs and set him next to his mother and one year old sibling who had been escorted by the police from the laundry room up to the family room.

13. Walker, Sr. was then moved from the basement to the family room to be seated with Wife, 1 year old and his 15 year old son.  At this point, the detective explained it was a mistake.  After Wife questioned him about how such a significant mistake could be made, Detective Lawson responded, "Wife's middle name is the same as the suspect's mother's first name.  She lives in Wilton."  Still baffled by his response and asking for further information, the Detective responded that "these things happen".  Walker, Sr. asked what about the front door and the damage to his home, Detective Lawson then pulled out a business card, crossed out the phone number on the front of the card and wrote on the back of the card a different number and informed Walker, Sr. to "call this number to get his door fixed".

14. Walker's neighbor and coworker, Allen Peoples, drove by the house during the incident and stopped and asked a SWAT member what was happening, stating he worked with Plaintiff Walker, Sr. The officer said "You won't be seeing him [Walker] going to work for a while."

15. To the best of Walker, Sr.'s recollection, every room and every closet in the home was searched, including the attic.

16. None of the Plaintiffs had violated any law or regulation.  None were accused of any violation. No explanation or apology for Defendants' conduct was offered.

4

## COUNT I (§1983 – Claim Against All Defendants)

17. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 16.

18. On or about September 15, 2005, as aforementioned, while acting under color of state law, without prior notice forcibly entered Plaintiffs' residence, detained the Plaintiffs at gun point and handcuffed Plaintiff Walker, Sr.. all without probable cause and without a reasonable belief that anyone within the residence had committed a crime or had taken some other action for which arrest or detainment is legal or appropriate.

19. The aforesaid actions of the Defendants were intentional, reckless, and/or showed deliberate indifference to the rights and welfare of Plaintiff.

20. Plaintiffs took no action which constituted any offense or provided any justification or reason for Defendants to forcibly break into the home unannounced, draw their weapons against the Plaintiffs and the minor children, a one year old daughter and 15 year old son, and handcuff Plaintiff Walker, Sr. and otherwise detain anyone within the household.

21. The acts of Defendants were done with the purpose and intent of depriving Plaintiffs the right to be secure in their person against unreasonable search and seizure as guaranteed to them by the 4th Amendment to the United States Constitution and their rights not to be deprived of life, liberty or property without due process of law as guaranteed by the 14th Amendment of the Constitution of the United States.

22. The acts of Defendants were taken against Plaintiffs because of Plaintiffs' race and were done with the purpose and intent of depriving Plaintiffs the right to be secure in their person against unreasonable search and seizure secured to them under the 4th Amendment of the

United States Constitution and their right not be deprived of life, liberty or property without due process of law and to be accorded the equal protection of the law that is guaranteed to them under the 14th Amendment of the United States Constitution.

23. As a result and proximate cause of the acts of Defendants, who were acting under color of law, Plaintiffs:

    a. Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

    b. Incurred medical expenses.

### COUNT II  (§1983 Claim – Against City of Wilmington)

24. Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 23.

25. At all times relevant to the action, Defendant Lawson was an employee or agent of Defendant City and was acting for and on behalf of Defendant City.  Defendant City knew or should have known of actions of its employee, Defendant Lawson, whose actions were within Defendant City's supervision and control.

26. Defendant City knew, or should have known, the actions of Defendant Lawson included wholesale deprivations of Plaintiffs' constitutionally guaranteed civil rights and battery and false arrest of Plaintiffs.

27. Defendant City showed a deliberate indifference to the well being and constitutional rights and welfare of Plaintiffs.

28. By the acts and/or omission of Defendant City, an atmosphere was created conducive to the aforesaid illegal and constitutional actions of Defendant Lawson and which

demonstrated the complete disregard by Defendant City of a risk known or which should have been known and a deliberate indifference to the constitutional rights and welfare of Plaintiffs and others.

29. The acts of Defendant Lawson were pursuant to a custom or policy of Defendant City which, as a result of the aforesaid acts and/or omissions of Defendant City, Plaintiffs:

    a. Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

    b. Incurred medical expenses.

### COUNT III (§1983 Claim – Against City of Wilmington)

30. Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 29.

31. Defendant City is the employer of Defendant Lawson and at all times Defendant Lawson was acting as the agent and/or employee and under its supervision and control.

32. Defendant City is responsible for the operation and conduct of the City of Wilmington Police Department and the supervising and training of all of its officers, including Defendant Lawson.

33. Defendant City's negligent, intentional, willful and/or wanton failure to adequately train and/or supervise its officers, specifically Defendant Lawson, was a cause of the illegal and unconstitutional actions taken against Plaintiffs by Defendant Lawson and constitutes illegal, unconstitutional actions and deliberate indifference to the welfare and constitutional rights of Plaintiffs and others.

34. As a direct and proximate result of the aforesaid actions, inactions and omissions

7

by Defendant City, Plaintiffs:

    a.    Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

    b.    Incurred medical expenses.

### COUNT IV – (§1983 Claim Against Defendant Lawson)

35. Plaintiffs hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 34.

36. Defendant Lawson at all times was acting as an agent and employee of the City and acting under color of state law.

37. Defendant Lawson's negligent, intentional, willful and/or wanton actions were done with the purpose and intent of depriving Plaintiffs the right to be secure in their person and against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution and the right not to be deprived of life, liberty or property without due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution.

38. The acts of Defendant Lawson was taken against Plaintiffs because of their race and were done with the purpose and intent of depriving Plaintiffs the right to be secure in their person and against unreasonable searches and seizures secured to them under the Fourth and Fourteenth Amendments to the United States Constitution and the right not to be deprived of life, liberty or property without due process of law and to be accorded the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

39. As a result of the proximate cause of the acts of Defendant Lawson who was acting under color of law, Plaintiffs:

    a. Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

    b. Incurred medical expenses.

### COUNT V  (§1983 Claim Against Unknown Entities)

40. Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 39.

41. At all times relevant to the action, Defendants Unknown Entities are either political subdivisions, agencies or individual employees or agents of a political subdivision at the State of Delaware acting under color of state law.

42. These unknown entities include police officers employed by the City and/or by the State of Delaware and/or a county of the State. Defendants Unknown Entities actions included wholesale deprivations of Plaintiffs' constitutionally guaranteed rights, battery and false arrest of Plaintiffs.

43. Defendants Unknown Entities showed a deliberate indifference to the well being and constitutional rights and welfare of Plaintiffs.

44. The acts and/or omission of the Defendants Unknown Entities which are subdivisions of the State, created an atmosphere conducive to the aforesaid illegal and constitutional actions of individual Defendants Unknown Entities and which demonstrated the complete disregard of a risk known or which should have been known and a deliberate indifference to the constitutional rights and welfare of Plaintiffs and others.

45. The acts of Defendants Unknown Entities were pursuant to a customs or policies of Defendants Unknown Entities which are political subdivisions of the State.

46. Defendants Unknown Entities actions under color of state law deprived Plaintiffs of their rights not to be deprived of life, liberty and property without due process of law, their right to be free of unreasonable search and seizure and their right to equal protection under the law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

47. As a result of the proximate cause of the acts of Defendant Lawson who was acting under color of law, Plaintiffs:

   a. Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

   b. Incurred medical expenses.

**COUNT VI** (§ 1983 Claim Against All Defendants)

48. Plaintiffs hereby reallege and incorporate by reference the allegations contained paragraphs 1 through 47.

49. Plaintiffs Walker, Sr., Plaintiff K. Walker, Plaintiff Walker, Jr. and Plaintiff T. Walker have no common identification with the individual being sought by the Defendants other than being African-American with the household surname of Walker.

50. The actions of Defendants traveling out of their jurisdiction were taken because of Plaintiffs' race.

51. Defendants actions constitute a violation of Plaintiffs' right to due process of law and equal protection of the law guaranteed under the United States Constitution.

52. As a direct and proximate result of the actions of Defendants the Plaintiffs:

      a.    Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

      b.    Incurred medical expenses.

### COUNT VII (State Claim of False Imprisonment)

53. Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 52.

54. Defendants acted intentionally by acts and threats causing Plaintiffs to be totally controlled for an unreasonable amount of time within physical boundaries established by Defendants.

55. Defendants confinement of Plaintiffs was without consent or legal jurisdiction or justification.

56. As a direct and proximate result of Defendants' actions, Plaintiffs suffered injuries, including, but not limited to:

      a.    Suffered great and significant physical and emotional distress, harm, anguish, shame and humiliation;

      b.    Incurred medical expenses.

### COUNT VIII – (State Law Battery Claim)

57. Plaintiffs hereby reallege and incorporate the allegations contained in paragraphs 1 through 56.

58. Defendants intentional physical assault of Plaintiffs constitutes a battery.

59. As a direct and proximate result of Defendants' actions, Plaintiffs suffered injuries, including, but not limited to:

      a.      Suffered great and significant physical and emotional distress, harm, anguish, shame and humiliation;

      b.      Incurred medical expenses.

**WHEREFORE**, Plaintiffs demand judgment against Defendants jointly and severally, for compensatory and punitive damages, including costs and attorneys' fees pursuant to 42 U.S.C. §1988 and other such relief as is just and appropriate.

                                                                  BIGGS AND BATTAGLIA

                                                           /s/ Victor F. Battaglia  
                                                      Victor F. Battaglia, Sr.(ID# 156)  
                                                        921 Orange Street  
                                                        Wilmington, DE 19801  
                                                        (302) 655-9677  
                                                        VictorSr@batlaw.com  
                                                        Attorney for Plaintiffs

Date: May 2, 2006