IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DeWAYNE WALKER, SR, KAREN WALKER, his wife, D.W., JR.., minor child, and T.W., minor child, | : : : : | |
| Plaintiffs, | : : | C.A. No. 06-288 KAJ |
| v. | : : | |
| THE CITY OF WILMINGTON, a political subdivision of the State of Delaware, DETECTIVE MICHAEL R. LAWSON, JR., individually and in his official capacity, and UKNOWN ENTITIES. | : : : : : | |

**ANSWER OF THE CITY OF WILMINGTON
AND DETECTIVE MICHAEL R. LAWSON, JR.**

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted upon information and belief.

5. The City of Wilmington and Detective Michael R. Lawson, Jr. (hereafter "Answering Defendants") admit that the City of Wilmington is a political subdivision of the State of Delaware, and further admit that the City maintains a police department. Answering Defendants deny that the jurisdiction of the City's police department is limited to the City of Wilmington. Answering Defendants are not aware of the statute in this averment to which Plaintiffs refer but fail to cite.

6. Admitted.

7. Answering Defendants do not have sufficient information to admit or deny the averments about the Unknown Entity described in this averment.

**GENERAL ALLEGATIONS**

8. Answering Defendants do not have any information to admit or deny what Plaintiffs were doing in their residence at the said date and time.

9. Denied as stated. By way of further explanation, at the said date and time, City of Wilmington police officers did execute a warrant by entering 118 Dutton Place through the unlocked screen door in search of Dwayne Walker, who was wanted for the crime of First Degree Murder.

10. Answering Defendants do not have sufficient information to admit or deny this averment.

11. Admitted.

12. Answering Defendants admit that guns were drawn, but deny that guns were equipped with laser sights, and further deny that the non-existent laser sights were pointed at anyone. Answering Defendants admit that D.W., Jr. was in bed, that he identified himself, that he was told to get up slowly, that he was naked, that he was handed a pair of jeans, and that he was instructed to wear the jeans. Answering Defendants further admit D.W., Jr. was asked who slept in the guest bed, but deny that D.W. Jr. was continually interrogated with the same questions. Answering Defendants deny that they forcefully moved D.W. Jr. downstairs. By way of further explaination, Answering Defendants escorted D.W. Jr. downstairs to sit with the rest of his family.

13. Denied as stated. Answering Defendants admit that the Walker family was gathered in the family room, at which time Detective Lawson showed Plaintiff DeWayne Walker the "wanted flyer" for Dwayne Walker, and also explained to Plaintiff Karen Walker that her middle name (Alicia) matches the first name of Alicia Walker, who transported Dwayne Walker

to Chester, Pennsylvania, within hours after he committed first degree murder. Detective Lawson admits that he gave his business card to Plaintiff DeWayne Walker and invited him to call to have his door fixed. By way of further explanation, Detecitve Walker did not observe any damage to the door, and the SWAT entered the house by opening the unlocked door.

14. Answering Defendants deny making any such statements to Allen Peoples.

15. Admitted.

16. Admitted in part; denied in part. Answering Defendants admit that none of Plaintiffs violated any laws or regulations. Detective Lawson did explain how the mistake occurred and he apologized to the Plaintiffs.

### COUNT I (42 U.S.C. § 1983 - CLAIM AGAINST ALL DEFENDANTS)

17. Answering Defendants hereby incorporate the responses set forth in Paragraphs 1 through 16 as if set forth herein at length.

18. Denied as stated. Answering Defendants admit that they entered Plaintiffs' residence at the said date and time to execute a warrant for Dwayne Walker, who was wanted for first degree murder. Answering Defendants admit that they entered the residence without prior notice, but deny that they entered the residence forcefully. Answering Defendants deny that they lacked probable cause and/or reasonable belief that anyone within the residence had committed a crime or had taken some other action for which arrest or detainment was appropriate.

19. This averment states a legal conclusion to which no response is required. To the extent that a response is required, Answering Defendants deny the allegations and deny any liability

20. Denied as stated. Answering Defendants admit that Plaintiffs took no action which constituted any offense. Answering Defendants deny that they lacked probable cause to

believe that a murder suspect could be found in Plaintiffs' residence. Answering Defendants deny that apprehension of a first degree murder suspect is insufficient justification or reason to enter unannounced with weapons drawn into the dwelling where the first degree murder suspect is believed to be hiding.

      21.    Denied in full.

      22.    Denied in full.

      23.    Denied in full, and as to each sub-part.

           a.    Denied in full.

           b.    Denied in full.

**COUNT II (42 U.S.C. § 1983 - CLAIM AGAINST THE CITY OF WILMINGTON)**

      24.    Answering Defendants hereby incorporate the responses set forth in Paragraphs 1 through 23 as if set forth herein at length.

      25.    Admitted in part; denied in part. Answering Defendants admit that Detective Lawson was an employee and/or agent of the City of Wilmington at all relevant times therein. Answering Defendants deny that the City knew or should have known of the actions of Detective Lawson. Answering Defendants admit that Detective Lawson's actions were within the City's supervision and control. Answering Defendants deny that Detective Lawson is liable to Plaintiffs and further deny that any liability is imputed to the City.

      26.    Denied in full.

      27.    Denied in full.

      28.    Denied in full.

      29.    Denied in full, and as to each sub-part.

           a.    Denied in full.

    b.    Denied in full.

### COUNT III (42 U.S.C. § 1983 - CLAIM AGAINST CITY OF WILMINGTON)

30.    Answering Defendants hereby incorporate the responses set forth in Paragraphs 1 through 29 as if set forth herein at length.

31.    Admitted.

32.    Admitted.

33.    Denied in full.

34.    Denied in full, and as to each sub-part.

    a.    Denied in full.

    b.    Denied in full.

### COUNT IV (42 U.S.C. § 1983 - CLAIM AGAINST LAWSON)

35.    Answering Defendants hereby incorporate the responses set forth in Paragraphs 1 through 34 as if set forth herein at length.

36.    Admitted.

37.    Denied in full.

38.    Denied in full.

39.    Denied in full, and as to each sub-part.

    a.    Denied in full.

    b.    Denied in full.

### COUNT V (42 U.S.C. § 1983 - CLAIM AGAINST UNKNOWN ENTITIES)

40.    Because Answering Defendants do not know the unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

41.    Because Answering Defendants do not know which unknown entities to which

Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

42. Because Answering Defendants do not know which unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

43. Because Answering Defendants do not know which unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

44. Because Answering Defendants do not know which unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

45. Because Answering Defendants do not know which unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington and Detective Lawson.

46. Because Answering Defendants do not know which unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

47. Because Answering Defendants do not know which unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

   a. Because Answering Defendants do not know which unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

   b. Because Answering Defendants do not know which unknown entities to which Plaintiffs are referring, no response is required by the City of Wilmington or Detective Lawson.

**COUNT VI (42 U.S.C. § 1983 - CLAIM AGAINST ALL DEFENDANTS)**

48. Answering Defendants hereby incorporate the responses set forth in Paragraphs 1 through 47 as if set forth herein at length.

49. Denied. By way of further explanation, the suspect sought was named Dwayne Walker, which is almost identical to the name of Plaintiff DeWayne Walker. Also by way of further explanation, the Dwayne Walker sought was previously transported by someone named Alicia Walker, and Plaintiff Karen Walker's middle name is Alicia. Also by way of further explanation, Dwayne Walker was the same race as Plaintiff DeWayne Walker, and Alicia Walker was the same race as Plaintiff Karen Alicia Walker.

50. Denied.

51. Denied.

52. Denied in full, and as to each sub-part.

   a. Denied in full.

   b. Denied in full.

53. Answering Defendants do not have sufficient information to admit or deny this averment.

### COUNT VI (STATE LAW CLAIM OF FALSE IMPRISONMENT)

54. Answering Defendants hereby incorporate the responses set forth in Paragraphs 1 through 53 as if set forth herein at length.

55. Answering Defendants deny that Plaintiffs were "confined", and further deny that legal jurisdiction or justification was lacking. Answering Defendants are not able to admit or deny whether Plaintiffs' consented.

56. Denied in full, and as to each sub-part.

   a. Denied in full.

   b. Denied in full.

## COUNT VII (STATE LAW CLAIM OF BATTERY)

57.     Answering Defendants hereby incorporate the responses set forth in Paragraphs 1 through 56 as if set forth herein at length.

58.     Denied.

59.     Denied in full, and as to each sub-part.

    a.     Denied in full.

    b.     Denied in full.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

60.     Answering Defendants' actions were supported by probable cause.

### SECOND AFFIRMATIVE DEFENSE

61.     Answering Defendants' actions were authorized by the Warrant Clause of the Fourth Amendment.

### THIRD AFFIRMATIVE DEFENSE

62.     Answering Defendants' actions were authorized by the Police Mutual Assistance Act, 11 Del.C. § 1941 et seq.

### FOURTH AFFIRMATIVE DEFENSE

63.     Answering Defendants' actions were authorized by 11 Del.C. § 1911(a)(3)&(d), which gives City police officers statewide authority to makes arrests outside of the jurisdictional limits of the City of Wilmington.

### FIFTH AFFIRMATIVE DEFENSE

64.     Plaintiffs fail to state a claim against Answering Defendants upon which relief

can be granted.

## SIXTH AFFIRMATIVE DEFENSE

65.     Law Enforcement Officers Privilege.

## SEVENTH AFFIRMATIVE DEFENSE

66.     The actions and conduct of Answering Defendants, to the extent they occurred as alleged, did not rise to the level of a Constitutional violation and, therefore, Plaintiffs did not suffer any infringement of their constitutional rights.

## EIGHTH AFFIRMATIVE DEFENSE

67.     The actions and conduct of Answering Defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances which Answering Defendants were aware, therefore, they enjoy qualified immunity from all liability.

## NINTH AFFIRMATIVE DEFENSE

68.     The actions and conduct of Answering Defendants did not violate any clearly established Constitutional or Federal statutory rights of which Answering Defendants reasonably should have been aware, entitling Answering Defendants to qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

69.     The actions and conduct of the Answering Defendants, to the extent they occurred as alleged, were undertaken in good faith performance of their official duties, without wantonness or malice, and were, therefore protected by the sovereign immunity provisions of 10 Del. C. §4010 et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

70.     Plaintiffs' damages, if any, are limited by 10 Del. C. §4013.

### TWELFTH AFFIRMATIVE DEFENSE

70.     To the extent that Plaintiffs may have been injured, Answering Defendants were not the proximate cause of any such injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

71.     Punitive damages are not recoverable against Answering Defendants for the claims alleged by Plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

72.     Plaintiffs cannot show an official policy, practice, procedure or custom sufficient to support a finding of municipal liability.

**WHEREFORE**, Defendants, City of Wilmington and Detective Michael R. Lawson, Jr., pray that this Honorable Court dismiss Plaintiffs' Complaint, assess costs and reasonable attorney's fees against Plaintiffs, and order such other relief as this Court deems appropriate.

/s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
amili@ci.wilmington.de.us
Attorney for Defendants City of Wilmington and Detective Michael R. Lawson, Jr.

Dated: June 19, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DeWAYNE WALKER, SR, KAREN WALKER, his wife, D.W., JR.., minor child, and T.W., minor child, | : : : : | |
| Plaintiffs, | : : | C.A. No. 06-288 KAJ |
| v. | : : | |
| THE CITY OF WILMINGTON, a political subdivision of the State of Delaware, DETECTIVE MICHAEL R. LAWSON, JR.,: individually and in his official capacity, and UKNOWN ENTITIES. | : : : : | |

**CERTIFICATE OF SERVICE**

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 19th day of June, 2006, I filed the Answer of the City of Wilmington and Detective Michael R. Lawson, Jr. with the Clerk of Court using CM/ECF which will send notification of such filing(s) that this document is available for viewing and downloading from CM/ECF to the following:

> Victor F. Battaglia, Sr.
> Biggs & Battaglia
> 921 Orange Street
> Wilmington, DE 19801

> /s/ Alex J. Mili, Jr.
> Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
> Assistant City Solicitor
> City of Wilmington Law Department
> Louis L. Redding City/County Building
> 800 N. French Street, 9th Floor
> Wilmington, DE 19801
> (302) 576-2175
> amili@ci.wilmington.de.us
> Attorney for Defendants City of Wilmington and
> Detective Michael R. Lawson, Jr.