**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DeWAYNE WALKER, SR, KAREN WALKER, his wife, D.W., JR.., minor child, and T.W., minor child, | : : : : | |
| Plaintiffs, | : : | C.A. No. 06-288*** |
| v. | : : | |
| THE CITY OF WILMINGTON, a political subdivision of the State of Delaware, DETECTIVE MICHAEL R. LAWSON, JR., individually and in his official capacity, and UKNOWN ENTITIES. | : : : : : : | |
| Defendants, | : | |

**APPENDIX TO DEFENDANT'S OPENING BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

**VOL. I**

Alex J. Mili, Jr., Esquire (I.D. #4125)
Senior Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants

## TABLE OF CONTENTS

**VOL I.**

Crime Reports ................................................................. A-1

Supplemental Crime Report ..................................................... A-25

Search Warrant ............................................................... A-36

DELJIS Criminal Record on Dwayne A. Walker ..................................... A-38

DELJIS Larceny Report for 118 Dutton Drive ..................................... A-45

Arial Map of 118 Dutton Drive ................................................. A-46

DELJIS Drivers License Inquiry on Karen Walker ................................. A-47

DELJIS Drivers License Inquiry on Dewayne Walker, Sr. ........................... A-49

Detective Lawson's Warrant Affidavit .......................................... A-50

DELJIS Report on Dwayne Walker. ............................................... A-52

Wanted Poster for Dwayne Walker ............................................... A-59

Defendants Rule 26 Disclosures ................................................ A-60

Plaintiffs' Answers to Defendants' Interrogatories ............................. A-64

Wilmington Police Department Crisis Management Reports .......................... A-70

Wilmington Police Department Directive 6.11 .................................... A-93

**VOL. II**

Deposition Transcript of Michael R. Lawson .................................... A-110

Deposition Transcript of Jeffrey Silvers ...................................... A-175

Deposition Transcript of Confidential Informant ............................... A-198

Deposition Transcript of Dewayne Walker, Jr. .................................. A-226

*Re: Dewayne Walker* (handwritten)

| Page: 1 | Report Date: 09/13/2005 | Agency: Wilmington PD | | Complaint: 30-05-089228 |
|---|---|---|---|---|

| Reported Date and Time | | | | Occurred: |
|---|---|---|---|---|
| TUE 09/13/2005 1712 | | Initial Crime Report | | TUE 09/13/2005 1408 |

Location:
1299 W 3RD ST    Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

M.O. and Incident Overview:
THE LISTED VICTIM SUFFERED A FATAL WOUND TO THE LEFT SIDE OF HIS CHEST BY UNKNOWN PERSON(S)
AND MEANS. VICTIM WAS UNRESPONSIVE @ THE SCENE W/ NO WITNESS' COMING FORWARD. VICTIM
PRONOUNCED/EXPIRED W/ NO OPPORTUNITY FOR INTERVIEW.

| Grid | Sector | County | Domestic Related | 4-F-14 Sent? | Gen Broadcast Sent? |
|---|---|---|---|---|---|
| 20-200 | 17 | New Castle | ☐Yes ☒No | ☐Yes ☒No | ☐Yes ☒No |

## Victim Information

| Victim Number | Name |
|---|---|
| 001 | FREEMAN, DEWAYNE E |

| Type | Sex | Race | | Ethnic Origin | Age | D.O.B. |
|---|---|---|---|---|---|---|
| Individual | Male | Black | | Non-Hispanic | 38 | 02/21/1967 |

| Address | | Resident Status | Home Telephone | Cell Phone |
|---|---|---|---|---|
| 300 W 5TH ST APT. #2 Wilmington, DE 198010000 | | Full Time | (302) 472-4021 | |

| Reporting Person? | Victim Injured? | Victim Deceased? | Officer Comments |
|---|---|---|---|
| ☐Yes ☒No | ☒Yes ☐No | ☒Yes ☐No | |

| Injuries | Description of Injuries |
|---|---|
| | |

| Employer/School | Work Telephone |
|---|---|
| UNEMPLOYED* | |

## Suspect/Defendant Information

| Sequence | Type | SBI Number | Name | | Nick Name |
|---|---|---|---|---|---|
| 001 | No Suspect | | | | |

| Sex | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
|---|---|---|---|---|---|---|---|---|
| Unknown | | | | | | | | |

| Hair Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Disguise | Disguise Color(s) | Resident Status | Unusual Characteristics | Armed With |
|---|---|---|---|---|
| | | Unknown | | |

| Address | Home Telephone | Cell Phone |
|---|---|---|
| | | |

| Arrest Number | Suspect's Clothing Description |
|---|---|
| | |

## Crimes and Associated Information

| Victim Number | Crime Seq | Statute | Crime Description |
|---|---|---|---|
| 001 | 001 | DE:11:0636:00a2:F:A | Murder First Degree Caused Death of Another During Commission of Felony |

| Location Of Offense | Status | Involvement | General Offense |
|---|---|---|---|
| Highway/Roadway/Alley/Street | Pending-Inactive | ☐Alcohol ☐Drugs ☐Computer | |

| Suspected Hate/Bias | Crime Code |
|---|---|
| ☐Yes ☒No - N/A | 0910 – Homicide - Negligent Manslaughter |

| Burglary Force Involved | Weapon/Force Used | Homicide Circumstance | Homicide Situation |
|---|---|---|---|
| ☐Yes ☐No | Unknown | Other Negligent Killings | Single Victim/Unknown Offender(s) |

| M.O. Information | MO Class | MO Description |
|---|---|---|
| | Means of Attack | UNKNOWN |

## Victim - Suspect/Defendant Relationships

A-1

| Victim - 001 | Suspect/Defendant - 001 | Victim Offender Relationship |
|---|---|---|
| FREEMAN, DEWAYNE E | No Suspect | Relationship Undetermined |

## Witness Information

| Sequence | Type | Name | | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|---|
| 1 | Person Contacted | FREEMAN, GERY | | Male | Black | | |

| Address | Home Telephone | Cell Phone |
|---|---|---|
| 300 W 3RD ST Wilmington, DE 19805 | | |

| Sequence | Type | Name | | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|---|
| 2 | Not Interviewed | FREEMAN, PATRICIA | | Female | Black | 55 | 05/20/1950 |

| Address | Home Telephone | Cell Phone |
|---|---|---|
| 413 WASHINGTON ST Wilm.on, DE 19801 | | |

| Sequence | Type | Name | | Sex | Race | Age | D.O.B. |
|---|---|---|---|---|---|---|---|
| 3 | Not Interviewed | JACKSON, DEMIA | | Female | Black | | |

| Page: 2 | Report Date: 09/13/2005 | Agency: Wilmington PD | | Complaint: 30-05-089228 |
|---|---|---|---|---|

| Sequence 003 Continued | Witness Information | | |
|---|---|---|---|
| Address 600 W 5TH ST AP⁻ ⁴² W⁻⁻ gton, DE 19805 | Home Telephone (302) 472-4021 | Cell Phone | |

## Investigative Narrative

THIS OFFICER/BINKLEY RESPONDED TO THE IMMEDIATE AREA OF WEST 3RD AND NORTH FRANKLIN STREETS IN REF. TO A REPORT OF A CUTTING/VICTIM DOWN WHEN THE COMPLAINT CAME IN. THE VICTIM HAD LAY ON THE SOUTH SIDE OF THE STREET W/ HIS FEET TOWARDS THE STREET (UNRESPONSIVE-VERBALLY) BUT EXHIBITING SIGNS OF BREATHING AND PULSE. THE VICTIM WHEN SPOKEN TO WAS NOT ABLE TO RESPOND TO THIS OFFICER. AN IMMEDIATE RESPONSE OF MEDICS TOOK OVER IN W/ AN IMMEDIATE ASSESSMENT TAKING THE VICTIM INTO THE AMBULANCE. THIS OFFICER SPOKE W/ A FAMILY MEMBER AT THE SCENE (GERY FREEMAN) WHOM APPEARED ALLUSIVE BUT STATED THAT THE VICTIM WAS HIS NEPHEW (DEWAYNE FREEMAN) AND THAT HE LIVED W/ HIM AT HIS HOME. HE ADVISED THAT HE DID NOT KNOW WHAT HAPPENED AND WHEN ASKED WHAT OTHER ADDRESS HE COULD GIVE ME - HE ADVISED THAT THAT WAS WHERE HE LIVED. MEDICS ADVISED OFFCR. REED THAT THE VICTIM WAS NOT DOING WELL AND MIGHT NOT MAKE IT - AND THAT THEY WERE GOING TO THE CHRISTIANA HOSPITAL. THIS OFFICER REQUESTED OUR E.D.U. UNIT TO RESPOND TO THE SCENE ALTHOUGH W/ SGT. D. DONOHUE CONFIRMING THAT THERE WASN'T A SCENE IN THE IMMEDIATE AREA OF THE VICTIM'S LOCATION. ASSISTING OFFICER'S REED AND SATTERFIELD STAYED AT THE SCENE AS THIS OFFICER RESPONDED TO THE CHRISTIANA HOSPITAL FOR THE VICTIM. THE VICTIM HAVING ARRIVED AT THE CHRISTIANA HOSPITAL W/ A TEAM OF MEDICAL STAFF WORKING ON THE VICTIM (DEWAYNE FREEMAN) FOR THE INJURY SUSTAINED (INTUBATED DURING PROCESS). *AT (1437 HRS.) THE VICTIM (DEWAYNE E. FREEMAN) WAS PRONOUNCED DEAD BY (DR. PASSERELLO). ***VICTIM SUFFERED AN APPARENT STAB WOUND TO THE IMMEDIATE AREA OF THE UPPER LEFT CHEST/FLUSH AGAINST THE COLLOR BONE W/ DR. PASSERELLO ADVISING THE PENETRATION PROCEEDED DOWNWARD, LACERATING THE LEFT VENTRICAL OF THE HEART IN ADDITION TO PUNCTURING THE UPPER PORTION OF THE LEFT LUNG.

THIS OFFICER'S IMMEDIATE SUPERVISOR/MSGT. M. LEMON NOTIFIED.

E.D.U. RESPONDING OFFICER/SGT. D. DONOHUE.

REF. FAMILY MEMBERS - VICTIM'S MOTHER/PATRICIA FREEMAN AND THE VICTIM'S GIRLFRIEND/DEMIA JACKSON RESPONDED TO THE CHRISTIANA HOSPITAL - CONFIRMING THE IDENTITY OF THE VICTIM IN THE PRESENCE OF THIS OFFICER AND RESPONDING DET. ANTHONY HARRIS.

A-2

| Page: 3 | Report Date: 09/13/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |
|---|---|---|---|

## Investigative Narrative - Continued

INVESTIGATION REFERRED TO CID - THE ASSIGNED DETECTIVE/DET. A. HARRIS.

### Statement of Victim 001 - DEWAYNE E FREEMAN

O INTERVIEW CONDUCTED - THE VICTIM UNRESPONSIVE AT THE SCENE AND EXPIRED AT THE HOSPITAL W/ O OPPORTUNITY TO INTERVIEW.

### Statement of Witness 001 - GERY FREEMAN

R. GERY FREEMAN APPROACHED THIS OFFICER AT THE SCENE AND ADVISED THAT THE UNRESPONSIVE VICTIM AS HIS NEPHEW DEWAYNE FREEMAN AND ADVISED THAT HE WAS APPROXIMATELY 35 TO 36 YEARS OF AGE. HIS OFFICER ASKED HIM IF HE KNEW WHAT HAPPENED AND HE ADVISED THAT HE DID NOT KNOW WHAT HAD CCURRED BUT THAT SOMEONE TOLD HIM DEWAYNE WAS HURT ALTHOUGH DID NOT OFFER WHOM THAT WAS. THIS OFFICER WAS UNABLE TO CONDUCT A FURTHER INTERVIEW AS THE RESPONDING MEDICS ADVISED THAT T DID NOT LOOK GOOD FOR THE VICTIM AND THAT HE MAY EXPIRE. THEREFOR, THE INTERVIEW CEASED AND HIS OFFICER IMMEDIATELY RESPONDED TO THE CHRISTIANA HOSPITAL FOR THE VICTIM. * THIS OFFICER AS ABLE TO CONFIRM MR. GERY FREEMAN'S NAME THROUGH THE VICTIM'S MOTHER (PATRICIA REEMAN)-GERY FREEMAN'S SISTER - CONFIRMING THAT THE VICTIM WAS IN FACT HIS NEPHEW.

### Statement of Witness 002 - PATRICIA FREEMAN

O INTERVIEW CONDUCTED; ALTHOUGH PRESENT BRIEFLY WHEN THE ASSIGNED DET. ANTHONY HARRIS CQUIRED INITIAL INTERVIEW INFORMATION - WHICH PROVIDED TO THIS OFFICER THE NAME OF HER ROTHER (GERY FREEMAN) WHOM WAS PRESENT AT THE SCENE.

### Statement of Witness 003 - DEMIA JACKSON

O INTERVIEW CONDUCTED - ALTHOUGH INITIALLY PRESENT WHEN DET. ANTHONY HARRIS AS HE EFFECTED HE ABILITY TO CONFIRM/IDENTIFY THE VICTIM AS HER BOYFRIEND W/ WHOM SHE LIVED - SHE/MS. ACKSON ACKNOWLEDGED THAT THEY-SHE AND THE VICTIM HAVE BEEN TOGETHER FOR EIGHT YEARS.

A-3

| Page: 1 | Report Date: 09/13/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |
|---|---|---|---|

## Supplemental Report

| Orig TL | ccurrence Dates and Times: )9/13/2005  1408 | | Grid 220-200 | Sector 17 |
|---|---|---|---|---|

Original Location:
1299 W W 3RD ST     Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

### Investigative Narrative

n the above date and time this unit 11-E ( Reed & Satterfield) responded to West 3rd & North ranklin Street in reference to a cutting complaint. Upon arrival these Officers secured to cene until E.D.U. and Detectives responded. These Officers taped the crime scene, at which ime the area on the ground was marked indicating where the victim was lying when this unit rrived. This Officer remained at the corner of West 3rd & North Franklin Street to prevent eople from walking through the crime scene.

A-4

000004

| age: | Report Date: | Agency: | | Complaint: |
|---|---|---|---|---|
| 1 | 09/13/2005 | Wilmington PD | | 30-05-089228 |

## Supplemental Report

| Drigin | Occurrence Dates and Times: | | Grid | Sector |
|---|---|---|---|---|
| I | .9/13/2005  1408 | | 220-200 | 17 |

Original Location:
1299  W W 3RD ST      Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Investigative Narrative

N THE ABOVE DATE, WRITER 18E (K.DONOHUE/S. MORRISSEY) WERE DISPATCHED TO THIRD AND FRANKLIN
TREETS TO ASSIST WITH PRESERVING A CRIME SCENE.  UPON ARRIVAL, WRITER OBSERVED CRIME SCENE
APE SECURING THE 300 BLOCK OF NORTH FRANKLIN STREET AND HALF OF THE 1200 BLOCK OF WEST THIRD.
WRITER WAS ORDERED BY SGT. DONOHUE TO STAND ON THE EAST CORNER OF THE SCENE, AND KEEP THE
CENE SECURE.  18E WAS ORDERED BY CPT. JUBB TO WALK WEST ON THIRD STREET FROM FRANKLIN TO
ARRISON, AND ATTEMPT TO LOCATE ANY EVIDENCE.  WRITER DID THIS WITH NEGATIVE RESULTS.   WRITER
HEN RESUMED SECURING THE EAST END OF THE SCENE.  18E WAS RELIEVED BY S/CPL. CASSIDY AT 1740
OURS.  ON THIS DATE, THE WEATHER CONDITIONS WERE SUNNY AND APPROXIMATELY 85 DEGREES.

A-5

000005

| age: 1 | Report Date: 09/13/2005 | Agency: Wilmington PD | | Complaint: 30-05-089228 |
|---|---|---|---|---|

Supplemental Report

| riginal Occurrence Dates and Times: TU  9/13/2005  1408 | | Grid 220-200 | Sector 17 |
|---|---|---|---|

riginal Location:
:299  W W 3RD ST      Wilmington, DE 19805
V. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Victim Information

| ctim Number 001 | Name FREEMAN, DEWAYNE E | | | | | |
|---|---|---|---|---|---|---|
| ype individual | Sex Male | Race Black | | Ethnic Origin Non-Hispanic | Age 38 | D.O.B. 02/21/1967 |

| ddress 00 W 5TH ST PT. #2 Vilmington, DE 198010000 | | Resident Status Full Time | Home Telephone (302) 472-4021 | Cell Phone |
|---|---|---|---|---|

| eporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| uries | | Description of Injuries |
|---|---|---|

| mployer/School UNEMPLOYED* | | Work Telephone |
|---|---|---|

| ctim Number 002 | Name | | | | | |
|---|---|---|---|---|---|---|
| ype ociety/Public | Sex | Race | | Ethnic Origin | Age | D.O.B. |

| ddress | | Resident Status | Home Telephone | Cell Phone |
|---|---|---|---|---|

| eporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☐No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| urie | | Description of Injuries |
|---|---|---|

## Suspect/Defendant Information

| quence 01 | Type Defendant | SBI Number 00354596 | Name WALKER, DWAYNE A | | | Nick Name |
|---|---|---|---|---|---|---|
| x ale | Race Black | Ethnic Origin Non-Hispanic | Age 22 | D.O.B. 12/10/1982 | Height 6' 00" | Weight 175 | Skin Tone Medium | Eye Color Brown |

| ir Color lack | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |
|---|---|---|---|---|---|---|---|

| isguise | Disguise Color(s) | Resident Status Full Time | Unusual Characteristics | Armed With Illegal Cutting Instrument |
|---|---|---|---|---|

| ddress 03 W 5TH ST ILMINGTON, DE 19802 | Home Telephone (302) 655-1751 | Cell Phone |
|---|---|---|

| est Number 5004211 | Arrest Type Warrant | Suspect's Clothing Description |
|---|---|---|

| mployer/School NE | | Work Telephone |
|---|---|---|

## Crimes and Associated Information

| tim Number 01 | Crime Seq 001 | Statute DE:11:0636:00a2:F:A | Crime Description Murder First Degree Caused Death of Another During Commission of Felony |
|---|---|---|---|
| ocation Of Offense Highway/Roadway/Alley/Street | Status Adult Arrest 09/15/2005 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |

A-6

| uspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 0904 - Homicide - Willful Kill - Non-Family |
|---|---|

| urglary Force Involved ☐Yes ☐No | Weapon/Force Used Knife/Cutting Instrument | Assault Factor Argument | Homicide Circumstance Other Negligent Killings | Homicide Situation Single Victim/U |
|---|---|---|---|---|

| O. ormation | MO Class Means of Attack | MO Description Knife |
|---|---|---|

| tim Number 02 | Crime Seq 002 | Statute DE:11:1447:0000:F:B | Crime Description Possession of a Deadly Weapon During the Commission of a Felony |
|---|---|---|---|
| ocation of Offense Highway/Roadway/Alley/Street | Status Adult Arrest 09/15/2005 | Involvement ☐Alcohol ☐Drugs ☐Computer | General Offense |

| uspected Hate/Bias | Crime Code |
|---|---|

| Page: 2 | Report Date: 09/13/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |
|---|---|---|---|

## Crimes and Associated Information

| Burglary Force Involved ☐Yes  ☐No | Criminal Activity Possessing/Concealing | Weapon/Force Used Knife/Cutting Instrument |
|---|---|---|

### Investigative Narrative

Investigative:  See Detective Supplement.

A-7

000007

| Page: 1 | Report Date: 09/19/2005 | Agency: Wilmington PD | | Complaint: 30-05-089228 |

## Supplemental Report

| Origin | Occurrence Dates and Times: | | Grid | Sector |
|---|---|---|---|---|
| CU | 9/13/2005  1408 | | 220-200 | 17 |

Original Location:
299  W W 3RD ST      Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Investigative Narrative

20 (D. Donohue) responded to the Medical Examiner's Office located on N. Adams St in reference to collecting a ten print card from victim.  Upon arrival this officer was asked to hold off collecting print until some post prepping was completed.  This officer was able to photograph the victim using a Minolta HTSI 35mm camera (3) three photographs were completed. At this time a ten print card was collected from the victim.  Also, this officer collected a tube of blood that was drawn from the victim by medical personnel at the Medical Examiner's Office. All items collected, transported to Central and tagged as evidence.


D#1-(1) one set of ten prints-victim Dwayne, Freeman


D#2-(1) one tube of blood-victim


TOTAL PHYSICAL EVIDENCE: (2) TWO ITEMS OF EVIDENCE


3) three 35mm photographs


A-8

| Page: 1 | Report Date: 09/19/2005 | Agency: Wilmington PD | | Complaint: 30-05-089228 |

## Supplemental Report

| Orig... Occurrence Dates and Times: TU ...9/13/2005  1408 | | | Grid 220-200 | Sector 17 |

Original Location:
1299  W W 3RD ST     Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Investigative Narrative

n September 13, 2005, 325 (Detective DiClemente) responded to the 1200 block of West 3 Street n reference to a homicide investigation. Upon my arrival, I conducted an area search for ·itnesses.

his investigator spoke to Mr. James Hickey (date of birth 9/16/58, 1200 West 3 Street, ilmington, Delaware, no telephone). He explained he was asleep in a second floor middle edroom at the time of this incident. Mr. Hickey was unaware of the incident occurring and he ould not provide any information regarding this investigation.

his investigator attempted to contact potential witnesses at 1202, 1204, and 1206 West 3 treet. However, there was no response at each of the noted residences.

his investigator spoke to Amber Ward (date of birth 8/23/90, 1208 West 3 Street, Wilmington, el· ·are, ph 429-1916). She explained she was not at home during this incident. Therefore, Ms. a... .ould not provide any information regarding this investigation.

his investigator attempted to contact potential witnesses at 1210 West 3 Street. However, here was no response at the door.

his investigator attempted to speak to Margarito Ruiz at 1212 West 3 Street apartment 1. owever, there was a language barrier.

his investigator attempted to locate potential witnesses at 1212 West 3 Street apartment 2. owever, there was no response at the door.

his investigator spoke to a hispanic female at 1214 West 3 Street. She was very uncooperative nd beligerant. The unidentified female refused to provide me with her name and other ·ertinent information. She alleged she did witness this incident. No further details were ·rovided.

A-9

his investigator spoke to Ricarda Pastiana (date of birth 5/4/84, 201 North Franklin Street, ilmington, Delaware) at 201 North Franklin Street. She advised she was at home at the time of hi. ncident. Ms. Pastiana explained the following family members were also occupying the ·ot· residence at the time of this incident: Maria Magdalena (date of birth 7/22/65), Isac ucas Pastrana (date of birth 3/25/62), Lucas Pastrana Jr. (date of birth 12/27/96), Esmeralda astrana (date of birth 7/23/98). None of Ricarda's family members advised they witnesses this

| age: 2 | Report Date: 09/19/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |

## Investigative Narrative - Continued

his investigator attempted to locate potential witnesses at 203 North Franklin Street. owever, there was no response at the door.

his investigator spoke to Sentl Lewis (date of birth 9/3/75, 205 North Franklin Street, ilmington, Delaware, no telephone) at 205 North Franklin Street. He advised he was not at ome at the time of this incident. Therefore, he could not provide any information regarding his investigation.

t should be noted 207 North Franklin Street is a vacant dwelling.

his investigator interviewed Lizzie Gardner (date of birth 5/19/26, 209 North Franklin treet, Wilmington, Delaware) at 209 North Franklin Street. She advised she was occupying the irst floor kitchen area at the time of this incident. The kitchen is located on the west side f the residence. Ms. Gardner explained she did not witness this incident.

his investigator attempted to locate potential witnesses at 211 North Franklin Street. owever, there was no response at the door.

his investigator interviewed Iris Silva (date of birth 11/24/47, 213 North Franklin Street, ilmington, Delaware, ph 654-8330) at 213 North Franklin Street. She explained she was not at ome at the time of this incident.

t should be noted 215 North Franklin Street is a vacant dwelling.

his investigator interviewed to Andy Laboy (date of birth 2/26/45, 217 North Franklin Street, ilmington, Delaware) at 217 North Franklin Street. He explained he was not at home at the ime of this incident. Therefore, Mr. Laboy said he could not provide any information egarding this investigation.

his investigator interviewed Hector Matos (date of birth 12/18/45, 219 North Franklin Street, ilmington, Delaware) and Elea Soles (date of birth 2/24/47, 219 North Franklin Street, ilmington, Delaware). Each party advised they were occupying the noted residence at the time f this incident and they were unaware the incident occurred. Therefore, they could not rovide any information regarding this investigation.

his investigator attempted to contact potential witnesses at 221 and 223 North Franklin treet. However, there was no response at either door.

A-10

his investigator responded to Vargas Appliances located at 1301 West 4 Street. Upon my rr' ʌl, I spoke to the owner, Alberto Vargas (date of birth 9/9/66, ph 898-6220). He advised he  are no surveillance camera's at his business.

| ge: 3 | Report Date: 09/19/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |
|---|---|---|---|

## Investigative Narrative - Continued

2/6/72, 600 West 5 Street, apartment 2, ph 472-4021). She explained she is the victims irlfriend. Ms. Jackson said her daughter, Aaliyah Jackson (date of birth 6/9/89, 600 West 5 :r   , Wilmington, Delaware), told her the following statements. Aaliyah stated her (Ms. ac...on's) boyfriend was "stabbed." Aaliyah advised she "heard Robyn knows who did it." Ms. ackson told me she asked Robyn about the incident. She relayed Robyn told her she "heard" a wayne Waters "stabbed" the victim. It should be noted  Ms. Jackson was not positive of the ame she provided me, but she believed the suspect's name was similar to Dwayne Waters. Ms. ackson did not know if Robyn witnessed the incident. She identified Robyn as she walked in e vicinity of West 3 and North Franklin Streets. A pedestrian stop was conducted. Robyn was ooperative at the scene and she was transported to the Wilmington Police Station where she as later interviewed by Detective Misetic. For details of Robyn's identity and interview, lease refer to Detective Misetic's supplement report written under the same case number.

copy of this report and my original notes were issued to Detective Lawson.

A-11

000011

| Page: 1 | Report Date: 09/21/2005 | Agency: Wilmington PD | | Complaint: 30-05-089228 |
|---|---|---|---|---|

## Supplemental Report

| Origin | Occurrence Dates and Times: 09/13/2005  1408 | | Grid 220-200 | Sector 17 |
|---|---|---|---|---|

Original Location:
1299 W W 3RD ST    Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Investigative Narrative

31 responded to 3rd & N Franklin St in regards to a cutting. Notification was made to this nit approx. 1430 hrs. Upon arrival the victim was transported to the Christiana Hospital. The cene was processed in the following manner: using a minolta 35mm camera with Kodak film, hotographs were taken of the vehicles in the block and of the exterior of the Franklin St eli. Photographs were also taken of the location where the victim was located. On completion f the photos, this unit drew a crime scene sketch w/measurements. The sketch was placed into minella envelope and tagged as evidence. This unit then processed a vehicle displaying MD2AS 65 which was located near the crime scene, with black powder with the following results.

(5) Five 3x5 cards w/latent lift from the exterior passenger side rear fender. The 3x5 cards ere placed into a white envelope and tagged as evidence

his officer using a digital video recorder, took views of the crime scene showing the ocation where to victim was found and the surrounding area.

nce the process was completed, the following evidence was collected and tagged.

ne pair of pink sandels located in front of dwelling 246 N Franklin St.

ne white sock located in front of 246 N Franklin St

ne white wash cloth located in front of 246 N Franklin St

ne above evidence was placed into brown paper bags and tagged as evidence.

: this time , no other process needed by this officer.

A-12

otal evidence: Thirtyeight 35mm Photos,One crime scene sketch, crime scene video,Three items f evidence

| age: 1 | Report Date: 09/21/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |
|---|---|---|---|

## Supplemental Report

| rig 'CL | 'currence Dates and Times: .9/13/2005  1408 | Grid 220-200 | Sector 17 |
|---|---|---|---|

riginal Location:
.299  W W 3RD ST    Wilmington, DE 19805
N. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Victim Information

| ctim Number 001 | Name FREEMAN, DEWAYNE E | | | | | |
|---|---|---|---|---|---|---|
| ype Individual | Sex Male | Race Black | | Ethnic Origin Non-Hispanic | Age 38 | D.O.B. 02/21/1967 |

| ddress 00 W 5TH ST PT. #2 Vilmington, DE 198010000 | Resident Status Full Time | Home Telephone (302) 472-4021 | Cell Phone |
|---|---|---|---|

| porting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments |
|---|---|---|---|

| uries | Description of Injuries |
|---|---|

| mployer/School UNEMPLOYED* | Work Telephone |
|---|---|

## Suspect/Defendant Information

| quence 01 | Type No Suspect | SBI Number | Name | | Nick Name |
|---|---|---|---|---|---|
| x Unknown | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
| ir Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |

| sgu' | | | Resident Status Unknown | Unusual Characteristics | Armed With |
|---|---|---|---|---|---|

| dress | | Home Telephone | Cell Phone |
|---|---|---|---|

| est Number | Suspect's Clothing Description |
|---|---|

| quence 02 | Type | SBI Number 00354596 | Name WALKER, DWAYNE A | | Nick Name |
|---|---|---|---|---|---|
| x ale | Race Black | Ethnic Origin Non-Hispanic | Age | D.O.B. 12/10/1982 | Height | Weight | Skin Tone | Eye Color |
| ir Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |

| sguise | Disguise Color(s) | Resident Status Unknown | Unusual Characteristics | Armed With |
|---|---|---|---|---|

| dress 03 W 5TH ST ILMINGTON, DE 19802 | Home Telephone (302) 655-1751 | Cell Phone |
|---|---|---|

| est Number 5004211 | Suspect's Clothing Description |
|---|---|

| mployer/School NEMPLOYED | Work Telephone |
|---|---|

| quence 03 | Type Suspect | SBI Number | Name PERSON | | Nick Name |
|---|---|---|---|---|---|
| x nknown | Race | Ethnic Origin | Age | D.O.B. | Height | Weight | Skin Tone | Eye Color |
| ir Color | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses |

| sguise | Disguise Color(s) | Resident Status Unknown | Unusual Characteristics | Armed With |
|---|---|---|---|---|

| dress | | Home Telephone | Cell Phone |
|---|---|---|---|

A-13

| est    r | Suspect's Clothing Description |
|---|---|

## Victim - Suspect/Defendant Relationships

| ge:<br>2 | Report Date:<br>09/21/2005 | Agency:<br>Wilmington PD | | Complaint:<br>30-05-089228 |
|---|---|---|---|---|

### Victim - Suspect/Defendant Relationships (Cont'd)

| ctim - 001<br>REEMAN, DEWAYNE E | Suspect/Defendant - 001<br>No Suspect | Victim Offender Relationship<br>Stranger |
|---|---|---|
| ctim - 001<br>R    AN, DEWAYNE E | Suspect/Defendant - 002<br>WALKER, DWAYNE A | Victim Offender Relationship<br>Stranger |
| ctim - 001<br>REEMAN, DEWAYNE E | Suspect/Defendant - 003<br>PERSON | Victim Offender Relationship<br>Stranger |

### Investigative Narrative

า Monday, 9/13/05, at approximately 1540 hours, this writer was contacted by a concerned itizen who wished to remain anonymous. The citizen advised he/she had information pertaining ว the perpetrator who stabbed Dwayne Freeman. The information provided was a nickname Veasel" who was described as a short black male who lived in the area. The citizen further lvised that he/she heard from people on the street the assault was in retaliation over heroin :olen from "Weasel" by Freeman. The concerned citizen stated he/she was not a witness and did ot hear of anyone who was at the scene during the assault. No additional information was :ovided by this subject.

  After receiving this information M/Cpl. Detective Michael Lawson who is the lead าvestigator was contacted by this writer and informed of the above information.

A-14

000014

| Page: 1 | Report Date: 09/22/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |
|---|---|---|---|

## Supplemental Report

| Orig  Occurrence Dates and Times: | | Grid | Sector |
|---|---|---|---|
| 09/13/2005  1408 | | 220-200 | 17 |

Original Location:
1299  W W 3RD ST      Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

---

### Investigative Narrative

his investigator is writing to make a correction to my initial supplemental report. It should
e noted the unidentified female who resides at 1214 West 3 Street indicated she did not
itness this incident.

A-15

| Page: 1 | Report Date: 09/26/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |

## Supplemental Report

| Origin TU | Occurrence Dates and Times: 9/13/2005 1408 | | Grid 220-200 | Sector 17 |

Original Location:
299  W W 3RD ST      Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

### Investigative Narrative

27 NAGOWSKI WAS CONTACTED BY DETECTIVE ANTHONY HARRIS REGARDING CLOTHING HE HAD COLLECTED AT THE CHRISTIANA HOSPITAL EMERGENCY ROOM FROM A MURDER VICTIM. OFFICER HARRIS BROUGHT THE CLOTHING TO THIS UNIT TO BE BAGGED, AND TAGGED. THIS OFFICER TAGGED THE FOLLOWING ITEMS:

#1, ONE (1) BEIGE IN COLOR '' PHILLIES '' BALL CAP

#2, ONE (1) PAIR OF BLUE AND WHITE '' NIKE '' ATHLETIC SHOES

#3, ONE (1) PAIR OF WHITE TUBE SOCKS

#4, ONE (1) PAIR OF GRAY IN COLOR SWEAT TYPE PANTS WITH WHAT APPEARS TO BE BLOOD STAIN

#5, ONE (1) PAIR OF WHITE IN COLOR BOXER SHORTS MARKED '' VOP '' WITH WHAT APPEARS TO BE BLOOD STAIN

#6, ONE (1) WHITE T-SHIRT WITH WHAT APPEARS TO BE BLOOD STAIN

THESE ITEMS WERE PLACED IN THE RECORDS DIVISION FOR SAFE KEEPING.

A-16

TOTAL PHYSICAL EVIDENCE: SIX (6) ITEMS

| age:<br>1 | Report Date:<br>10/04/2005 | Agency:<br>Wilmington PD | | Complaint:<br>30-05-089228 |
|---|---|---|---|---|

## Supplemental Report

| rigir ccurrence Dates and Times:<br>TU    )/13/2005  1408 | | Grid<br>220-200 | Sector<br>17 |
|---|---|---|---|
| riginal Location:<br>299  W W 3RD ST     Wilmington, DE 19805<br>V. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET | | | |

### Investigative Narrative

n 13 September 2005 at approximately 1427 hours this investigator responded to the area of
hird Street and Franklin Street in reference to a stabbing. This investigator began to
onduct an area search for any witnesses.

nile conducting this area search in the 1200 block of West 3rd Street, this investigator
poke to Shavon Edwards BFN-18 date of birth 3-13-1987 of 211 North Jackson Street cell phone
35-1727. This conversation was not recorded, but is memorialized by this investigator's
otes. The following text is this investigator's brief synopsis of the interview with Ms.
dwards. Ms. Edwards advised she saw the guy collapse and then she called 911 from her cell
none.

nis investigator then conducted a door to door area search for any possible witnesses in the
300 block of West 3rd Street. The following is a list of addresses this investigator checked.

30    est 3rd Street- Negative

303 West 3rd Street- Negative

105 West 3rd Street- Joe Monzon 6-15-1985 h-575-0849. Advised he did not see what occurred,
it heard on the street that a black male in a green jeep might be involved. For further on
iis conversation refer to this investigator's notes.

107 West 3rd Street- Negative

109 West 3rd Street- Negative

111 West 3rd Street- Negative

113 West 3rd Street- Negative

A-17

115 West 3rd Street- Negative

| ge: 2 | Report Date: 10/04/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |
|---|---|---|---|

## Investigative Narrative - Continued

s. Monzon was not recorded, but is memorialized by this investigator's notes. The following xt is this investigator's brief synopsis of the interview with Ms. Monzon. Ms. Monzon iv; d she heard a girl screaming and come running up the street (west bound on 3rd Street on. ranklin Street). The girl was screaming, "Freidman just got stabbed". She advised the rl was a black female with a light skin tone approximately 18-19 years old and about 5'4" to 5" with a thin build, approximately 130 lbs. She advised the girl was wearing a grey -shirt, grey sweat pants and a multi-colored handkerchief around her head. Ms. Monzon advised e saw the victim fall down, but did not see who did it. She advised she observed several hicles leaving the area when she looked down the street, including a green in color truck. e also indicated before the stabbing a white male subject in a white in color truck advised was going to shoot someone. It was later determined these two vehicles were not involved in e incident. For further on this conversation refer to this investigator's notes.

is investigator then conducted and area canvas search in the 200 block of North Franklin reet. The following is the list of addresses this investigator checked.

7 North Franklin Street- Negative

5 North Franklin Street- Negative

3 North Franklin Street- Negative

1 North Franklin Street- Negative

9 North Franklin Street- Negative

7 North Franklin Street- Negative

5 North Franklin Street- Negative

3 North Franklin Street- Negative

is investigator assisted Detective Lawson on numerous interviews during this investigation. r further on these interviews refer to any notes this investigator might have taken or any cordings of the interview. A copy of this report was forwarded to Detective Lawson

A-18

000018

| age: | Report Date: | Agency: | | Complaint: |
|---|---|---|---|---|
| 1 | 11/01/2005 | Wilmington PD | | 30-05-089228 |

## Supplemental Report

| rigin | urrence Dates and Times: | | Grid | Sector |
|---|---|---|---|---|
| UL | J/13/2005  1408 | | 220-200 | 17 |

riginal Location:
299  W W 3RD ST      Wilmington, DE 19805
V. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

---

## Investigative Narrative

nvestigating Officer: Cpl. David Rhoades H6399

jency Case Number: 30-05-89228

ate of Report: 26 Sep 05

aboratory Number: 30-05-89228IPE

eference Number: 05-0089

rpe f Exam: Inked Print Examination

ncident: Homicide

ocation: 100 south Adams Street Wilmington De. (State Medical Examiners)

ibjects:

Freeman, Dwayne BMNH- 21 Feb 1967 WPD Ident# 59092

A-19

| age:<br>2 | Report Date:<br>11/01/2005 | Agency:<br>Wilmington PD | | Complaint:<br>30-05-089228 |

## Investigative Narrative - Continued

esults of Examination:

elative to the above incident, Sgt Debbie Donohue fingerprinted the victim at the State
edical Examiners Office and in turn submitted the prints to the Identification Division for
dentification purposes. On 26 Sep 2005 this officer entered the victim's right thumb (#1
inger) in to AFIS; this resulted in the victim being positively identified as Dwayne Freeman
MNH-WPD Ident #59092. I then confirmed the AFIS hit by utilizing prints collected by Officer
lfred Kazorowski on 05 Mar 1990.

nked prints obtained (at Medical Examiners office) on 14 Sep 2005 by Sgt. D. Donohue

nked prints used for comparison were obtained on 5 Mar 1990 by Officer A. Kazorowski

xamination submitted by:      Cpl. David Rhoades H6399

A-20

000020

| Page: 1 | Report Date: 11/04/2005 | Agency: Wilmington PD | Complaint: 30-05-089228 |

## Supplemental Report

| Origin TU. | Occurrence Dates and Times: 9/13/2005  1408 | Grid 220-200 | Sector 17 |

Original Location:
1299  W W 3RD ST      Wilmington, DE 19805
W. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Witness Information

| Sequence 004 | Type Witness | Name WILLIAMS, DAVID LINDSEY | Sex Male | Race Black | Age 26 | D.O.B. 04/08/1979 |

| Address 59  roselane New Castle, DE 19720 | | Home Telephone | Cell Phone | | | |

## Investigative Narrative

his is this investigator's second supplement report regarding the ongoing investigation of his incident. On 11 October 2005 at approximately 1021 hours, this investigator interviewed avid Williams at the Wilmington Police Department, Criminal Investigation Division. This nterview was recorded by videotape. For further on this interview refer to this nvestigator's notes and the recording. Both were supplied to the lead detective in this case, etective Michael Lawson.

A-21

000021

| age: 1 | Report Date: 11/15/2005 | Agency: Wilmington PD | | Complaint: 30-05-089228 |

## Supplemental Report

| rigin TU. | ccurrence Dates and Times: )/13/2005  1408 | | Grid 220-200 | Sector 17 |

riginal Location:
299  W W 3RD ST    Wilmington, DE 19805
V. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Victim Information

| ictim Number 001 | Name FREEMAN, DEWAYNE E | | | | | |
|---|---|---|---|---|---|---|
| ype ndividual | Sex Male | Race Black | | Ethnic Origin Non-Hispanic | Age 38 | D.O.B. 02/21/1967 |
| ddress 00 W 5TH ST APT. #2 Vilmington, DE 198010000 | | | Resident Status Full Time | Home Telephone (302) 472-4021 | Cell Phone | |
| eporting Person? ☐Yes ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☒Yes ☒No | Officer Comments | | | |
| juries ☐ ☐ | | | Description of Injuries | | | |
| mployer/School *UNEMPLOYED* | | | Work Telephone | | | |

| ictim Number 002 | Name | | | | | |
|---|---|---|---|---|---|---|
| ype ociety/Public | Sex | Race | | Ethnic Origin | Age | D.O.B. |
| ddress | | | Resident Status | Home Telephone | Cell Phone | |
| eporting Person? ☐Ye ☒No | Victim Injured? ☐Yes ☒No | Victim Deceased? ☐Yes ☒No | Officer Comments | | | |
| juri ☐ | | | Description of Injuries | | | |

## Suspect/Defendant Information

| equence 002 | Type Defendant | SBI Number 00354596 | Name WALKER, DWAYNE A | | Nick Name | | | |
|---|---|---|---|---|---|---|---|---|
| ex Male | Race Black | Ethnic Origin Non-Hispanic | Age | D.O.B. 12/10/1982 | Height 6' 00" | Weight 175 | Skin Tone Medium Brown | Eye Color Brown |
| air Color lack | Hair Length | Hair Style | Facial Hair | Voice Speech | Teeth | Build | Glasses | |
| isguise | | Disguise Color(s) | Resident Status Full Time | Unusual Characteristics | | Armed With Illegal Cutting Instrument | | |
| ddress 03 W 5TH ST VILMINGTON, DE 19802 | | | Home Telephone (302) 655-1751 | Cell Phone | | | | |
| rrest Number 5004211 | Arrest Type Warrant | | Suspect's Clothing Description | | | | | |
| mployer/School UNEMPLOYED | | | Work Telephone | | | | | |

## Crimes and Associated Information

| ictim Number 001 | Crime Seq 001 | Statute DE:11:0636:00a2:F:A | Crime Description Murder First Degree Caused Death of Another During Commission of Felony | | | |
|---|---|---|---|---|---|---|
| Location Of Offense Highway/Roadway/Alley/Street | | Status Adult Arrest 09/15/2005 | Involvement ☐Alcohol ☐Drugs ☐Computer | | General Offense | |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 0904 – Homicide - Willful Kill - Non-Family | | | | | |
| Burglary Force Involved ☐Yes ☐No | Weapon/Force Used Knife/Cutting Instrument | | Assault Factor Argument | | Homicide Circumstance Other Negligent Killings | Homicide Situation Single Victim/U |

| ictim Number 002 | Crime Seq 002 | Statute DE:11:1447:0000:F:B | Crime Description Possession of a Deadly Weapon During the Commission of a Felony | | | |
|---|---|---|---|---|---|---|
| Loc H | Of Offense ay/Roadway/Alley/Street | Status Adult Arrest 09/15/2005 | Involvement ☐Alcohol ☐Drugs ☐Computer | | General Offense | |
| Suspected Hate/Bias ☐Yes ☒No - N/A | Crime Code 5212 - Possession of Weapon | | | | | |

A-22

| ge:<br>2 | Report Date:<br>11/15/2005 | Agency:<br>Wilmington PD | | Complaint:<br>30-05-089228 |
|---|---|---|---|---|

## Victim - Suspect/Defendant Relationships

| tim - 001<br>REEMAN, DEWAYNE E | Suspect/Defendant - 002<br>WALKER, DWAYNE A | Victim Offender Relationship<br>Relationship Undetermined |
|---|---|---|
| tim/<br>oci.  'ublic | Suspect/Defendant - 002<br>WALKER, DWAYNE A | Victim Offender Relationship<br>Victimless Crime |

## Witness Information

| quence<br>04 | Type<br>Person Contacted | Name<br>JOHNSON, DERRICK | | Sex<br>Male | Race<br>Black | Age | D.O.B. |
|---|---|---|---|---|---|---|---|
| dress<br>200 N KING ST<br>Vilmington, DE 19802 | | Home Telephone | Cell Phone | | | | |

## Investigative Narrative

HIS OFFICER(M/SGT.AKIL) WAS CONTACTED BY PC(REV. DERRICK JOHNSON) CONCERNING AN INDIVIDUAL
HO WANTED TO TURN HIMSELF OVER TO THE POLICE.  THE SUBJECT WAS A MR. DWAYNE WALKER, WHO WAS
ANTED IN REFERENCE TO MURDER 1ST AND PDWDCF CHARGES STEMMING FROM AN INCIDENT THE POLICE WERE
NVESTIGATING.  THIS OFFICER MET PC AND THE SUBJECT IN THE 400 BLOCK OF EAST 4TH STREET, ON
THU) SEPTEMBER 15, 2005.  MR. WALKER WAS ESCORTED INTO THE POLICE STATION BY THIS OFFICER
LONG WITH PC AND TURNED OVER TO DETECTIVES LAWSON AND MISETIC OF THE CRIMINAL INVESTIGATION
IVISION WITHOUT AN INCIDENT.

## Statement of Witness 004 - DERRICK JOHNSON

C(REV. DERRICK JOHNSON) CONTACTED THIS OFFICER REGARDING AN INDIVIDUAL WHO WANTED TO TURN
IMSELF INTO THE POLICE.  PC ADVISED THAT HE WAS CONTACTED BY THE FAMILY WHO ADVISED THAT
HEIR RELATIVE WAS WANTED BY THE POLICE FOR AN INCIDENT THAT OCCURRED ON THE WEST SIDE.  PC
TATED THAT HE WOULD LIKE TO MEET THIS OFFICER AT THE POLICE STATION AND TURN THE SUBJECT INTO
HE POLICE WITHOUT AN INCIDENT.  THIS OFFICER AGREED AND WAITED FOR THEIR ARRIVAL.

A-23

000023

| ige: 1 | Report Date: 03/15/2006 | Agency: Wilmington PD | | Complaint: 30-05-089228 |
|---|---|---|---|---|

## Supplemental Report

| iginr   urrence Dates and Times: 'UL   /13/2005  1408 | | Grid 220-200 | Sector 17 |
|---|---|---|---|

iginal Location:
299  W W 3RD ST      Wilmington, DE 19805
V. 3RD ST. & N. FRANKLIN ST. / EAST OF N. FRANKLIN ST. ON THE SOUTH SIDE OF THE STREET

## Investigative Narrative

ivestigative:  On 3-15-06, this investigator interviewed Harry Collins DOB 10-3-58 at the New
istle County Courthouse regarding this investigation.  Collins is an inmate at the Howard
oung Correctional Facility.  Collins stated he had information regarding this investigation.
ollins stated he was cell-mates with a subject nicknamed "Weesie".  Collins stated Weesie
old him he stabbed a man once in the heart and was bragging about the incident.  Weesie
rovided details of the incident to Collins and stated he would get away with manslaughter
.nce the murder weapon was not recovered by the police.  Collins stated Weesie is Dwayne
llker.  This interview was recorded on audio tape.  For further details regarding this
iterview, see audio taped transcript of this interview.

A-24

000024

# WILMINGTON DEPARTMENT OF POLICE

## SUPPLEMENT REPORT

CASE #30-05-89228
RED #H-05-009

**VICTIM:** Dewayne E. Freeman  DOB 2-21-67
**ADDRESS:** 600 W. 5th Street, Apartment #2, Wilmington

**CRIME/INCIDENT:** Murder 1st 11/636, PDWDCF 11/1447

**DATE/TIME OF THIS INCIDENT:** Tuesday 13 September 2005  14:08 hours

## CASE SUMMARY:

The Wilmington Police were dispatched to the area of the 1200 block of W. 3rd Street in Wilmington regarding a report of a stabbing.  Upon arrival, officers located the victim, Dewayne Freeman, lying on the south side sidewalk in front of 246 N. Franklin Street.  The victim had sustained an apparent single stab wound to his left upper chest area.  Paramedics responded and began treating the victim. The victim was conscious, however, could not verbally communicate with the police do to the nature of his injury.  The victim was transported to the Christiana Hospital where he was pronounced dead at 14:37 hours by Dr. Passerello.

The Criminal Investigations Division was notified along with the Evidence Detection Unit. The Criminal Investigations Division responded to the crime scene and took over the investigation. This investigation was assigned to this investigator at this time and later assigned WPD Red #H-05-009.

## CRIME SCENE:

The crime scene is located in the 1200 block of W. 3rd Street in Wilmington.  The victim was located on the south side of the street, just east of Franklin Street.  The victim was directly in front of 246 N. Franklin Street which faces the 1200 block of W. 3rd Street.  The weather was clear and hot, approximately 85 degrees.

A-25

Page 2 of 11
#05-89228

## PHYSICAL EVIDENCE:

The Evidence Detection Unit was notified and responded to the crime scene. EDU Sgt. Debbie Donohue responded to the crime scene and supervised the collection of evidence. The crime scene was secured by patrol officers at the scene and secured with crime scene tape. See reports submitted by EDU for further information on evidence collection.

## VICTIM INTERVIEW: N/A

## WITNESS INTERVIEWS:

### Angel Howell DOB 1-5-71 246 N. Franklin St., Wilmington 472-3692

This witness was interviewed by this investigator on 9-13-05 at her residence. Howell stated she knew the victim and stated his name is "Freeman". Howell stated she observed him in front of her residence today at approximately 12:30 hours. Howell stated Freeman is a "junky" and sells drugs in front of her residence. Howell stated that she did not witness the stabbing and did not hear anything because she was inside of her residence on the second floor. Howell stated Freeman was with a black female named Shonda. Howell stated Shonda may have information as to what occurred and gave a description of Shonda as a black female in her 20's with red and black plaits in her hair. Shonda frequents the area of 5th and Harrison Streets according to Howell. Howell had no further information regarding this investigation.

### Michael Jackson DOB 7-19-74 164 Brookside Blvd., Newark 738-3226

This witness was interviewed by this investigator on 9-13-05 at the Criminal Investigations Division. Jackson stated he was working inside of his business located on the corner of 3rd and Franklin Streets at which time he exited his business and walked to his vehicle to make a food delivery. As Jackson walked to his vehicle, he observed the victim lying on the ground holding his chest. The victim asked him to call 911. Jackson retrieved a white towel from his business and gave it to the victim. Jackson stated an unknown juvenile called 911 from his cell phone. Jackson stated he did not see the suspect and had no further information regarding this incident. This interview was preserved on video tape. For further information, see video taped interview.

A-26

Page 3 of 11
#05-89228

**Nancy Barner  DOB 10-5-65  10 S. Gray Ave,  Wilmington  652-5302**

    This witness was interviewed by this investigator on 9-13-05 at the Criminal Investigations Division. Barner stated she witnessed the victim, "Freedom", get stabbed by an unknown black male. Barner stated she did not see the suspect's face and would not be able to identify him. Barner stated she was driving her vehicle down W. 3rd Street at which time she saw the victim sitting on the steps in front of the house with a porch near 3rd and Franklin Streets on the south side of the street. Barner parked her car toward the middle of the block and exited her vehicle. Barner heard the suspect yelling at the victim. The suspect stated, "You owe me some fucking money for the dope!" at which time the victim told the suspect he did not have anything. Barner heard the suspect tell the victim he owed him for the bundle he gave him at which time the victim stated he didn't owe him anything. The suspect then stabbed the victim according to Barner.

    Barner stated she helped the victim and put a towel over his wound. Barner also stated she called 911 from her cell phone and reported the incident. Barner stated several people were present during the incident and provided this investigator with a few names of people she recognized. This interview was preserved on video tape. For further details see video tape.

**Shonda L. Wright  DOB 11-3-75  1113 W. 5th Street, Wilmington  655-3285**

    This witness was interviewed by this investigator on 9-13-05 at the Criminal Investigations Division. Wright had been arrested on an unrelated charge (30-05-89236) by the Wilmington Police just after the stabbing incident. Wright was interviewed and stated she witnessed the stabbing. Wright stated she observed Freeman get stabbed by a subject nicknamed "Weesie". Wright described him as a black male in his early 20's, dark complexion wearing a black shirt, blue jean shorts, tan timberland boots and a black and green Boston Celtics baseball cap. Weesie told her Freeman had stolen two bundles of heroin from him. Wright stated Freeman was getting ready to make a drug transaction with someone at which time Weesie approached him and stabbed him once in his heart. Wright stated she was only a few feet away from the victim when he was stabbed. Wright stated Weesie stabbed Freeman with a folding pocket knife she described to be brown and gold with a silver blade. Wright did not observe what Weesie did with the knife after he stabbed Freeman.

    This investigator presented a photo line-up to Wright at which time she positively identified a photograph of Dwayne Walker DOB of 12-10-82 as the person she knows as "Weesie", the same subject she observed stab Freeman. This interview was preserved on video tape. For further information regarding this interview, see video taped statement.

A-27

Page 4 of 11
#05-89228

**Robin Lindsey  DOB 11-13-71  37 Revelle Street Apt. A, Wilmington  229-8137**

    This witness was interviewed by this investigator on 9-13-05 at the Criminal Investigations Division. Lindsey stated she was standing on the corner of 3rd and Connell Streets at which time she heard some type of commotion down the street at 3rd and Franklin Streets. Lindsey began walking down the street at which time she observed a black female names Tranika, run past her. Lindsey stated Tranika is "Weesie's" sister. Lindsey stated Tranika was holding her ears and told her, "My brother just stabbed Freeman, that's him lying on the ground". Lindsey proceeded to the corner of 3rd and Franklin Streets and observed the victim, Freeman, on the ground with an apparent stab wound.

    Lindsey stated she knows "Weesie" as Dwayne Walker and stated he was in the area earlier and described him as wearing a black baseball hat and black clothing. Lindsey was presented with a photo line-up and positively identified a photo of Dwayne Walker DOB 12-10-82 as the subject she knows as "Weesie". Lindsey stated there were several people in the area of 3rd and Franklin Streets at the time of the incident. Lindsey had no further information regarding this investigation.

    This interview was preserved on video tape. For details of this interview, see video tape.

**Antwine Witcher  DOB 8-28-86  1106 W. 3rd Street, Wilmington  654-9603**

    This witness was interviewed by this investigator on 9-15-05 at the Criminal Investigations Division. Witcher stated he was present during the stabbing and did not witness the stabbing, however, observed a subject known to him as "Weesie", walk away from the victim, after the victim had been stabbed. Witcher stated he has known the victim and the suspect for 19 years. Witcher stated he heard a loud thump and looked to see Freeman lying on the ground in front of the house with the porch. Witcher observed Weesie walking away from Freeman, heading toward Franklin Street and turning south on Franklin Street from 3rd Street. Witcher approached the victim, and first thought Weesie had punched Freeman, and noticed Freeman had been stabbed. Witcher stated Freeman began having a seizure and was shaking as he lay on the ground.

    Witcher stated he knows "Weesie" as Dwayne Walker. Witcher was presented with a photo line-up at which time he positively identified a photograph of Dwayne Walker DOB 12-10-82 as the subject he observed walking away from the victim, after the victim was stabbed. Witcher stated Weesie and Freeman were friends and that he heard Freeman was stabbed over a debt of two bundles of heroin or five dollars. Witcher stated the victim and suspect were friendly with each other and that Freeman is a drug user and frequents the area of 3rd and Franklin Streets. Witcher stated that Weesie's five year old son, Malik, was present during the stabbing. He stated it was Malik's birthday.

A-28

    This interview was preserved on video tape. For further information regarding this interview, see video taped statement.

Page 5 of 11
#05-89228

**Rochelle Maness  DOB 6-17-84  1119 Lancaster Ave., Wilmington  658-2882**

This witness was interviewed by this investigator on 9-15-05 at the Criminal Investigations Division. Maness is an ex-girlfriend of the suspect, Dwayne Walker, and has a five year old child with him. Maness stated on 9-13-05, she received a phone call from Dwayne Walker. Walker told Maness that he had just stabbed him and that he did not mean to kill him. Maness stated the time was between 13:30 – 14:00 hours. Walker told Maness he stabbed the victim in the shoulder. Maness provided this investigator with Walker's cell phone number of 267-290-8209 and the chirper number of 183*618*5168. Maness identified a photograph of Dwayne Walker DOB of 12-10-82 as the subject she has been referring to in this investigation. Maness stated she had seen the suspect earlier in the day and stated he was wearing a black t-shirt, black and green Boston Celtics baseball cap, blue jean shorts and tan Timberland boots. Maness also stated she has seen Walker with a knife in the past and stated he owns two different types of knives. Maness described one of the knives to be silver with gold, approximately 6 inches long that flips out. Maness stated the other knife she has seen in possession of Walker is a smaller knife, black in color with ruffles on the side and a push button to open the blade.

This interview was preserved on video tape. For further details regarding this interview, see vide taped interview.

A-29

**Cheryl Truitt  DOB 3-12-82  108 N. DuPont Street, Wilmington  no phone**

This witness was interviewed by this investigator on 9-22-05 at the Criminal Investigations Division. This investigator located Truitt at her residence and transported her to the police station with her permission. Truitt was interviewed regarding the homicide and stated she did not witness the stabbing and did not see Dwayne Walker that day. Truitt stated Walker is the father of her son, Malik Truitt, who recently turned six years old on September 16th.

Truitt stated she walked through the area of 3rd and Franklin Streets at 13:30 hours with her son, Malik. Truitt stated she walked to Adams Four Shopping Center where she purchased a pair of Nike shoes for Malik. Truitt stated she purchased the shoes with cash for sixty dollars at the Sports Connection. Truitt stated she walked back through the area of 3rd and Franklin Streets at approximately 13:40 hours. Truitt stated she did not see the victim at this time, nor did she see Dwayne Walker. Truitt did state that she observed a black male in a wheel chair in the area of 3rd and Franklin Streets at this time.

Truitt denied being in the area of 3rd and Franklin Streets during the time of the stabbing. Truitt stated she walked back to her house, walking westbound on 3rd Street, with her son, Malik. Truitt did provide her cell phone number to this investigator and denied speaking with Walker on the date of the homicide. Truitt's cell phone number is (302)-444-1585. Truitt had no further information regarding this investigation. This interview was preserved on videotape. For further

Page 6 of 11
#05-89228

<u>Kim Fletcher  DOB 6-9-84  1739 W. 5th Street, Apt. 2, Wilmington  655-3685</u>

This investigator interviewed Kim Fletcher on 9-26-05 at the Criminal Investigations Division. Fletcher turned herself in on an outstanding unrelated capias. Fletcher stated she did not observe the stabbing, however, did state that she observed her boyfriend, Dwayne Walker, in the area of W. 3rd Street between Connell Street and Franklin Street as she was walking through the area. Walker was sitting in front of Rochelle's baby's dad's house on 3rd Street. Fletcher stated she was with Dwayne's sister, Tranika Walker. Fletcher did not know what time of day it was when she observed him, but stated it must have occurred before the homicide since the police had not yet arrived in the area. Fletcher and Tranika walked to her Aunt Flossie's house at 5th and VanBuren Streets. Fletcher stated she was not present during the incident, however, people are saying Dwayne was the person who did it. Fletcher would not provide any names of people who told her this. Fletcher stated Walker was released from prison on June 15th, 2005. Fletcher stated Walker does not have a cell phone, however, uses his mother's cell phone and provided the cell phone number of 290-8209.

Fletcher stated she was interviewed by James Lane of the Public Defender's office before Walker went to court for his Preliminary Hearing. Fletcher stated Lane took notes about what she had done on the day of the homicide. Fletcher would not speculate on what was said during the interview and stated I could find out from Lane who took notes. Fletcher stated Walker stayed with her on Tuesday night at his mom's house near Wilton, the night of the homicide and acted like nothing happened.

Fletcher stated she observed Dwayne's son, Malik, and his mother, "Minnie", in the area of 3rd and Franklin Streets. Minnie and Malik were coming from the Sports Connection after they purchased shoes for Malik. Fletcher stated nothing was going on at the time and that she must have seen them before the stabbing took place. Fletcher stated Malik was not wearing a shirt. Fletcher also stated she observed a black male subject in a wheel chair she knows as "Stunner" or "Twan." Fletcher stated she left the area with Tranika and walked to her house located at 1739 W. 5th Street in Wilmington. Fletcher stated she was with Tranika the remainder of the day. Fletcher described Tranika as eighteen years old having blondish hair with a pony-tail.

Fletcher stated Walker had left a pair of Air One sneakers at her residence and gave permission to search her residence. This investigator searched her residence on this date located at 1739 W. 5th Street Apartment #2 in Wilmington. Fletcher's mother, Kim Fletcher, unlocked the premises and was present during the search. During the search a pair of Air One men's sneakers was located along with a black t-shirt. These two items were located in an east side bedroom. Both items were removed from this location and tagged as evidence for future DNA analysis. Also located at this location was a cell phone. This investigator asked Kim Fletcher(mother) who the phone belonged to at which time she stated it belonged to her daughter, Kim. This investigator checked the cell phone for a phone number and noticed the personal info name of "Weze" on the phone with the cell phone number of 290-8209.

A-30

Page 7 of 11
#05-89228

**SUSPECT INFORMATION**:
**Dwayne Walker  BM 22 years**
**DOB 12-10-82  6'0, 200 lbs.**
**227 N. Jackson Street, Wilmington**
**SBI# 00354596**

**SUSPECT INTERVIEW**:
    The suspect was interviewed on 9-15-05 at the Criminal Investigations Division and stated he did not wish to make any statements without a lawyer present.  Walker stated he did not have a lawyer at the time and that his family would provide one later.  The interview was stopped at this time without any further questioning.  This brief interview was preserved on video tape.  For further details see video taped interview.

**ARREST ACTION**:
    The suspect was arrested on 9-15-05 at approximately 16:50 hours at the Criminal Investigations Division.  The suspect turned himself in and was escorted by Sgt. Fahim Akil of the Wilmington Police Department and Pastor Derrick Johnson.  Walker gave no statement regarding the incident and was booked on warrants for Murder 1st and PDWDCF.  Dwayne Walker was booked under arrest #05004211.

**COURT ACTION**:
    A preliminary hearing was held on 9-21-05 in the Court of Common Pleas. Dwayne Walker was represented by Katherine Van Amerogen, Esquire.  A hearing was conducted and Walker was bound over to Superior Court on the original charges for a future court date.

A-31

000031

## INVESTIGATIVE PROCEDURES:

### 13 September 2005

This investigator responded to the 1200 block of W. 3rd Street at approximately 14:30 hours this date regarding a stabbing investigation. Upon arrival at this location, this investigator met with Sgt. Mark Lemon and Sgt. Deborah Donohue. This investigator was briefed by Sgt. Lemon as to the details of the incident. During this time, Officer Maureen Binkley advised the victim was pronounced dead at the hospital.

EDU taped off the area of the crime scene and began processing the scene. EDU took photos and videotaped the scene. See EDU supplements for further information regarding evidence collected at the crime scene.

This investigator conducted an area canvass at the following locations:

**Vivian Glaze  DOB 12-29-37  244 N. Franklin Street  ph. 571-1025**
Vivian Glaze stated she had arrived at home after the ambulance had arrived at the crime scene. Glaze stated she resides by herself and had no information regarding the investigation.

**Eleanora Brown  DOB 1-29-45  242 N. Franklin Street  ph. 656-4694**
Eleanora Brown stated she was not at home during the incident and did not have any information regarding the stabbing.

240 N. Franklin Street.................no response.
238 N. Franklin Street.................no response.
236 N. Franklin Street.................no response.
234 N. Franklin Street.................no response.
228 N. Franklin Street.................no response.

A-32

**Amelia Vargas  232 N. Franklin Street  ph. 654-7205**
Amelia Vargas stated she was inside of her residence during the incident and did not hear or see anything. Vargas had no information regarding this investigation.

**Kevin Jackson  DOB 7-4-83  230 N. Franklin Street  no phone**
Kevin Jackson stated he did not witness the incident, however, stated he observed the victim lying on the ground after the incident. Jackson stated the victim is a known drug user and frequents this area. Jackson had no further information regarding this investigation.

**Page 9 of 11**
**#05-89228**

This investigator interviewed the following witnesses on this date regarding this investigation:

Angel Howell, Robin Lindsey, Nancy Barner, Michael Jackson and Shonda Wright. See Witness Interviews for details.

This investigator was contacted by Sgt. John Drysdale of information he received from an informant regarding this investigation. Sgt. Drysdale advised the informant contacted him shortly after the stabbing and stated the suspect is a black male with the nickname of "Weasel".

This investigator reviewed two compact discs from Downtown Visions. Each disc displayed video in the area of the homicide. The homicide was not captured on the video, however, several people are gathered at the corner of 3rd and Franklin Streets at the time of the incident.

This investigator signed warrants for Dwayne Walker DOB 12-10-82 on this date in the Justice of the Peace Court #20 for Murder 1st and PDWDCF.

### 14 September 2005

This investigator responded to the Medical Examiner's Office on this date for the post mortem autopsy. Dr. Jenny Vershvovsky performed the autopsy and determined the victim died as a result of a single stab wound to his upper left chest area. The weapon penetrated the victim's upper atrium and left lung. Dr. Vershvovsky determined the manner of death as a homicide.

This investigator responded back to the crime scene and canvassed the area with negative results for witnesses or evidence.

### 15 September 2005                                                    A-33

This investigator interviewed Antwine Witcher and Rochelle Maness on this date at the Criminal Investigations Division. See Witness Interviews.

This investigator, along with the Crisis Management Tactical Team and other members of the Criminal Investigations Division, conducted a search warrant at 118 Dutton Drive in New Castle. This search met with negative results for the suspect. No property seized from this location.

This investigator responded to 227 N. Jackson Street in an attempt to locate Tranika Walker. This met with negative results. This investigator spoke with a gentleman at the residence who advised he was the grandfather of Dwayne Walker. The gentleman stated he has not seen his grandson and advised he would call if located. He also advised he has not seen his granddaughter either.

Page 10 of 11
#05-89228

This investigator responded to 1103 W. 5th Street in Wilmington in an attempt to locate Dwayne Walker. This investigator discovered this location to be vacant. This address was the address of Walker's grandmother, Vanessa Daniels.

Dwayne Walker turned himself in at the Wilmington Police Department at approximately 16:30 hours. Walker was accompanied by Pastor Derrick Johnson and Sgt. Fahim Akil. Walker was Mirandized by this investigator and stated he did not wish to make any statement at this time. This interview was concluded at this time and Walker was booked on the warrants for Murder 1st and PDWDCF. Walker was arraigned at Justice of the Peace Court #20 and later transported to the Howard Young Correctional Facility without bail.

## 21 September 2005

A preliminary hearing was held on this date at the Court of Common Pleas. Dwayne Walker was represented by Katherine Van Amerogen, Esquire. A hearing was conducted and Walker was bound over to Superior Court on the original charges of Murder 1st and PDWDCF for a future court date. Walker made no statements and no evidence or witnesses were provided by the defense.

## 22 September 2005

This investigator interviewed Cheryl Truitt on this date at the Criminal Investigations Division. See Witness Interview.

## 26 September 2005

This investigator interviewed Kim Fletcher at the Criminal Investigations Division. Fletcher had turned herself in on unrelated charges and agreed to be interviewed. See Witness Interview.

This investigator conducted a consent search at 1739 W. 5th Street Apartment #2 in Wilmington. This location is the residence of Kim Fletcher. Fletcher stated Dwayne Walker visited her at this location on the day of the homicide. Fletcher's mother, Kim Fletcher, was present during the search and unlocked the premises for this investigator. During the search, this investigator located a pair of Air One sneakers and one black t-shirt. These items were seized as evidence and placed into Records Division for future analysis.

A-34

**Page 11 of 11**
**#05-89228**

<u>**CONCLUSION:**</u>

      This case is hereby closed with an arrest. The victim, Dewayne Freeman, was stabbed once in the upper left chest area and died as a result of the stabbing. Witnesses were located and identified Dwayne Walker as the suspect. The suspect, Dwayne Walker DOB 12-10-82, turned himself in and was booked on Murder 1st and PDWDCF. A preliminary hearing was conducted and the defendant was bound over to Superior Court for a future trial date. All future correspondence regarding this investigation will be submitted on a supplement report by this investigator.

**INVESTIGATOR: DETECTIVE MICHAEL LAWSON  I/6406**

**DATE SUBMITTED:  6 October 2005**

**SUPERVISOR: _____**

**DATE SIGNED OFF:_____**

**CASE STATUS:  Closed/Arrest**

# IN THE JUSTICE OF THE PEACE COURT
## STATE OF DELAWARE
### COURT 20

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| Dwayne Walker DOB 12-10-82 | ) | **DAYTIME** |
| and the entire premise known as | ) | **SEARCH** |
| 118 Dutton Drive, New Castle | ) | **WARRANT** |
| Delaware 19720, to include any and | ) | **AND** |
| all outbuildings and curtilages. | ) | **RETURN** |

**IN THE STATE OF DELAWARE TO:**

Detective Michael Lawson, with the assistance of any police officer or constable or any other necessary or proper person or persons or assistance.

GREETINGS: Upon the annexed affidavit and application or complaint for a search warrant, as I am satisfied that there is probable cause to believe that certain property, namely:

1. **ANY WEAPONS TO INCLUDE A POCKET TYPE FOLDING KNIFE.**
2. **CLOTHING CONSISTING OF A BLACK SHIRT, BLUE JEAN SHORTS, BLACK BOSTON CELTICS BASEBALL HAT AND ANY CLOTHING WITH BLOOD TRANSFER.**

Which said property, articles, papers or things were, are, or will be used or intended to be used and/or possessed and/or represents evidence of **Murder in the First Degree Title 11 Section 636.**

Is being concealed on the premise described in the annexed affidavit and application or complaint; **118 Dutton Drive, New Castle, Delaware 19720.**

NOW, THEREFORE, YOU ARE HEREBY COMMANDED, within **10 days** the date hereof to search the above-named person, persons, house, conveyance or place for the property specified in the annexed affidavit and application, and to search any occupant or occupants found in the house, place or conveyance above named for such property, serving this warrant and making the search in the daytime, or in the nighttime if the property to be searched is not a dwelling house, and, if the property papers, articles or things, or any part thereof, be found there, to seize it, giving to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken, or leaving the copy and receipt at the place from which the property was taken and to prepare a signed inventory of the goods seized in the presence of the person from whose possession or premises the property was taken, if they are present, or, if they are not present, in the presence of at least one witness, and to return this warrant, accompanied by the written inventory, to me forthwith.

Dated this 14 day of September 2005.

_____
Judge of the Justice of the Peace Court
New Castle County
State of Delaware

ROGER BARTON , JP
Name/Title

A-36

JP COURT # 20
Court

IN THE
JUSTICE OF THE PEACE COURT 20
STATE OF DELAWARE

| | |
|---|---|
| **IN THE MATTER OF:** | ) |
| **Dwayne Walker DOB 12-10-82** | ) |
| **118 Dutton Drive, New Castle, Delaware 19720** | ) **APPLICATION** |
| **To include any and all outbuildings and curtiladges.** | ) **AND** |
| | ) **AFFIDAVIT** |
| | ) **FOR SEARCH** |
| | ) **WARRANT** |

NEW CASTLE COUNTY  )
                   )  SS
STATE OF DELAWARE  )

BE IT REMEMBERED, on this 14th day of September, 2005,

before me, the **HONORABLE JUDGE** _____

personally appeared **Detective Michael Lawson** who, being dully sworn, does depose and say
that there is reason to believe and that he does believe that located in, or at: 118 Dutton Drive, New
Castle, Delaware 19720 which is owned or occupied by Dwayne Walker DOB 12-10-82, that
there has been and / or is now and / or concealed certain property, articles, papers or things, in or
at on said person (s), place (s), and / or thing (s), or on the occupant (s) thereof namely:

1. ANY WEAPONS TO INCLUDE A POCKET TYPE FOLDING KNIFE.
2. CLOTHING CONSISTING OF A BLACK SHIRT, BLUE JEAN SHORTS,
   BLACK BOSTON CELTICS BASEBALL HAT AND ANY CLOTHING WITH
   BLOOD TRANSFER.

Which said property, papers, articles, and / or things were, are, or will be possessed and /
or used, and / or represents evidence of a violation of the **Delaware Criminal Code, Title 11,
Section 636, in that MURDER in the FIRST DEGREE.**

And, the facts tending to establish probable cause for believing that the foregoing grounds
for the application exists are as follows: **SEE ATTACHED TEXT.**

A-37



(S)



server.deljis.state.de.us

| DELJIS Menu | Web Searches | Support/Help |

# Charge Summary Inquiry On: WALKER, DWAYNE A

**INCORRECT D/**

If there is a mist record or the Im correct, please c
Support

Date: 9/13/2005        Last Update Date: 08/31/2005
Token: A0002093

**WARRANT AVAILABLE -** Click to view Warrant(s)       183 ✳ 618 ✳ 5168 — chiper

| IDENTIFICATION INFORMATION: |

LiveScan/Mugshot(s) Available - Click To View
No Available DMV Photo

| SBI Number: | Driver's License(s): (s) | Social Security Number |
|---|---|---|
| 00354596  View | DE 1344226 - Click to | 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 |

Name(s) Used:                                  Date(s) of Birth:
**01 WALKER , DWAYNE A**                        **12/10/1982**

Sex: **Male**  Race: **Black**  Height: **6'00**  Weight: **175lbs**
Eye Color: **Brown**  Hair Color: **Black**  Place of Birth:

Current DOC Status: **PAROLEE**
Current DOC Agency/Institution: **P & P WILMINGTON**
Click to view DOC History

Click to view Address History

Address: 703 W 5TH ST

      **WILMINGTON , DE 19802** County: Unknown                    A-38

| SCARS, MARKS AND TATTOOS: |

Scar—Left Eyebrow

| CAUTIONS, NOTICES, COMMENTS: |

**KNOWN TO ABUSE DRUGS**

---

**CHARGE/ARREST DATA:**

Total Reported Arrests: 016        Total Warrants/Capiases: 017

Active Warrants/Capiases: 001

View Wanted Person Information Click Here

Click to see Executed Warrant Summary Screen

| Charge Summary: | Reported: | Convictions: |
|---|---|---|
| Felony | 011 | 003 |
| Misdemeanor | 020 | 011 |
| Violation | 000 | 000 |
| Other/Unknown | 000 | 000 |

---

**DELJIS CHARGE SUMMARY:**

04/01/2005
Arresting Agency Name: New Castle County SUPERIOR Court  Arrest Number: WU70501368
007 DE:11:4334:0000:M:  - VIOLATION OF PROBATION-
    Case Number: 0109010116  Court: New Castle County SUPERIOR Court
      Date: 04/01/2005  Disposition: VF
      Click To View Sentence Detail
008 DE:11:4334:0000:M:  - VIOLATION OF PROBATION-
    Case Number: 0109010116  Court: New Castle County SUPERIOR Court
      Date: 04/01/2005  Disposition: VF
      Click To View Sentence Detail

03/23/2005
Arresting Agency Name: New Castle County SUPERIOR Court  Arrest Number: WU70500590
004 DE:11:4334:0000:M:  - VIOLATION OF PROBATION-
    Case Number: 0106020017  Court: New Castle County SUPERIOR Court
      Date: 04/01/2005  Disposition: VF
      Click To View Sentence Detail

09/14/2001
Arresting Agency Name: Wilmington PD  Arrest Number: 01003745
001 DE:16:4751:000A:F::C  - DELIVERY OF A NARCOTIC SCHEDULE I CONTROLLED SUBSTANCE-
LIO - 16:4753:0000:M:A: - POSSESSION OF A NARCOTIC SCHEDULE I COUNTERFEIT SUBSTANCE-
    Complaint Number: Click to view 3001092820
    Case Number: 0109010116  Court: Justice of the Peace Court 20
      Date: 09/14/2001  Disposition: TRANSFERRED TO ANOTHER COURT
    Case Number: 0109010116  Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
      Date: 09/21/2001  Disposition: PRELIMINARY HEARING WAIVED
    Case Number: 0109010116  Court: New Castle County SUPERIOR Court
      Date: 10/10/2001  Disposition: PLED GUILTY-LESS INC.OFF. OF SEC

A-39

Click To View Sentence Detail
**002 DE:16:4767:00A1:F::G - DELIVERY OF NARC SCH I CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: Justice of the Peace Court 20
Date: 09/14/2001 Disposition: TRANSFERED TO ANOTHER COURT
Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
Date: 09/21/2001 Disposition: PRELIMINARY HEARING WAIVED
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
Date: 10/10/2001 Disposition: NOLLE PROSEQUI

**003 DE:11:0512:0001:F::G - CONSPIRACY SECOND DEGREE-AGREEMENT TO ENGAGE**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: Justice of the Peace Court 20
Date: 09/14/2001 Disposition: TRANSFERED TO ANOTHER COURT
Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
Date: 09/21/2001 Disposition: PRELIMINARY HEARING WAIVED
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
Date: 10/10/2001 Disposition: PLED GUILTY ORIGINAL CHARGE
Click To View Sentence Detail

**004 DE:16:4754:000B:M::B - POSSESSION OF A NON-NARCOTIC SCHEDULE I CONTROLLED SUBSTANCE**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: Justice of the Peace Court 20
Date: 09/14/2001 Disposition: TRANSFERED TO ANOTHER COURT
Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
Date: 09/21/2001 Disposition: PRELIMINARY HEARING WAIVED
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
Date: 10/10/2001 Disposition: NOLLE PROSEQUI

**005 WI: :0036:0094:M: - LOITERING FOR DRUG RELATED ACTIVITY**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: Justice of the Peace Court 20
Date: 09/14/2001 Disposition: TRANSFERED TO ANOTHER COURT
Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
Date: 09/21/2001 Disposition: PRELIMINARY HEARING WAIVED
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
Date: 10/10/2001 Disposition: NOLLE PROSEQUI

**006 DE:16:4751:000A:F::C - POSSESSION WITH INTENT TO DELIVER A NARCOTIC SCHEDULE I CONTROLLED SUBSTANCE**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
Date: 10/10/2001 Disposition: NOLLE PROSEQUI

A-40

**09/12/2001**
Arresting Agency Name: New Castle County Family Court Arrest Number: WU10101469
**005 DE:11:4334:0000:M: - VIOLATION OF PROBATION-**

Case Number: 0104015558 Court: New Castle County Family Court

Date: **10/01/2001** Disposition: **VF**
Click To View Sentence Detail

**07/17/2001**
Arresting Agency Name: New Castle County SUPERIOR Court  Arrest Number: WU70104464
003 DE:11:4334:0000:M: - VIOLATION OF PROBATION-

Case Number: 0102003251 Court: New Castle County SUPERIOR Court
Date: **10/10/2001** Disposition: **VFT**
Click To View Sentence Detail

**06/26/2001**
Arresting Agency Name: Wilmington PD  Arrest Number: 01002589
001 DE:16:4751:000A:F::C - POSSESSION WITH INTENT TO DELIVER A NARCOTIC
SCHEDULE I CONTROLLED SUBSTANCE

Complaint Number: Click to view 3001061318
Case Number: 0106020017 Court: Justice of the Peace Court 20
Date: **06/26/2001** Disposition: **TRANSFERED TO ANOTHER COURT**
Case Number: 0106020017 Court: NEW CASTLE COUNTY COURT OF COMMON
PLEAS
Date: **07/05/2001** Disposition: **BOUND OVER, PROBABLE CAUSE**
Case Number: 0106020017 Court: New Castle County SUPERIOR Court
Date: **10/10/2001** Disposition: **NOLLE PROSEQUI**
002 DE:16:4767:00A1:F::G - DELIVERY OF NARCOTIC SCHED IV CONTROLLED
SUBSTANCE WITHIN 1000 FEET OF SCHOOL

Complaint Number: Click to view 3001061318
Case Number: 0106020017 Court: Justice of the Peace Court 20
Date: **06/26/2001** Disposition: **TRANSFERED TO ANOTHER COURT**
Case Number: 0106020017 Court: NEW CASTLE COUNTY COURT OF COMMON
PLEAS
Date: **07/05/2001** Disposition: **BOUND OVER, PROBABLE CAUSE**
Case Number: 0106020017 Court: New Castle County SUPERIOR Court
Date: **10/10/2001** Disposition: **NOLLE PROSEQUI**
003 DE:16:4767:00A1:F::G - POSS OF NARC SCH II CONTROLLED SUBSTANCE
WITHIN 1000 FEET OF SCHOOL

Complaint Number: Click to view 3001061318
Case Number: 0106020017 Court: New Castle County SUPERIOR Court
Date: **10/10/2001** Disposition: **PLED GUILTY ORIGINAL CHARGE**
Click To View Sentence Detail

**05/01/2001**
Arresting Agency Name: Wilmington PD  Arrest Number: 01001761
001 DE:11:0611:0001:M::A - ASSAULT THIRD DEGREE-INTENTIONALLY
RECKLESSLY CAUSE PHYSICAL INJURY

Complaint Number: 3001036489
Case Number: 0104015558 Court: Justice of the Peace Court 20
Date: **05/02/2001** Disposition: **TRANSFERED TO ANOTHER COURT**
Case Number: 0104015558 Court: New Castle County Family Court
Date: **07/12/2001** Disposition: **GUILTY PLEA**
Click To View Sentence Detail
Case Number: 0104015558 Court: New Castle County SUPERIOR Court
Date: **07/12/2001** Disposition: **GUILTY ORIGINAL CHARGE**

A-41

Click To View Sentence Detail
**002 DE:11:0621:00A1:M::A - TERRORISTIC THREATENING-THREAT COMMIT CRIME LIKLEY RESULT DEATH/SERIOUS INJURY**

 Complaint Number: 3001036489
 Case Number: 0104015558 Court: Justice of the Peace Court 20
  Date: 05/02/2001 Disposition: **TRANSFERED TO ANOTHER COURT**
 Case Number: 0104015558 Court: New Castle County Family Court
  Date: 07/12/2001 Disposition: **NOLLE PROSEQUI**
 Case Number: 0104015558 Court: New Castle County SUPERIOR Court
  Date: 07/12/2001 Disposition: **NOLLE PROSEQUI**

**003 DE:11:1102:00a4:M::A - ENDANGERING THE WELFARE OF A CHILD COMMITTED CRIME CHILD WITNESSED**

 Complaint Number: 3001036489
 Case Number: 0104015558 Court: Justice of the Peace Court 20
  Date: 05/02/2001 Disposition: **TRANSFERED TO ANOTHER COURT**
 Case Number: 0104015558 Court: New Castle County Family Court
  Date: 07/12/2001 Disposition: **GUILTY PLEA**
  Click To View Sentence Detail
 Case Number: 0104015558 Court: New Castle County SUPERIOR Court
  Date: 07/12/2001 Disposition: **GUILTY ORIGINAL CHARGE**
  Click To View Sentence Detail

**004 DE:11:0811:00A1:M: - CRIMINAL MISCHIEF UNDER $1000 DAMAGE PROPERTY**

 Complaint Number: 3001036489
 Case Number: 0104015558 Court: Justice of the Peace Court 20
  Date: 05/02/2001 Disposition: **TRANSFERED TO ANOTHER COURT**
 Case Number: 0104015558 Court: New Castle County Family Court
  Date: 07/12/2001 Disposition: **NOLLE PROSEQUI**
 Case Number: 0104015558 Court: New Castle County SUPERIOR Court
  Date: 07/12/2001 Disposition: **NOLLE PROSEQUI**


**02/04/2001**
Arresting Agency Name: Wilmington PD  Arrest Number: 01000499
**001 DE:16:4751:000A:F::C - POSSESSION WITH INTENT TO DELIVER A NARCOTIC SCHEDULE I CONTROLLED SUBSTANCE**

 Complaint Number: Click to view 3001010333
 Case Number: 0102003251 Court: Justice of the Peace Court 20
  Date: 02/04/2001 Disposition: **TRANSFERED TO ANOTHER COURT**
 Case Number: 0102003251 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
  Date: 02/12/2001 Disposition: **PRELIMINARY HEARING WAIVED**
 Case Number: 0102003251 Court: New Castle County SUPERIOR Court
  Date: 06/11/2001 Disposition: **PLED GUILTY ORIGINAL CHARGE**
  Click To View Sentence Detail

**002 DE:16:4767:00A1:F::G - POSS OF NARC SCH I CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL**

 Complaint Number: Click to view 3001010333
 Case Number: 0102003251 Court: Justice of the Peace Court 20
  Date: 02/04/2001 Disposition: **TRANSFERED TO ANOTHER COURT**
 Case Number: 0102003251 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
  Date: 02/12/2001 Disposition: **PRELIMINARY HEARING WAIVED**

A-42

Case Number: 0102003251 Court: New Castle County SUPERIOR Court
      Date: 06/11/2001 Disposition: **NOLLE PROSEQUI**


**12/12/2000**
Arresting Agency Name: New Castle County Family Court  Arrest Number: WU10001934
**002 DE:11:4334:0000:M:  - VIOLATION OF PROBATION-**
      Case Number: 0008001094 Court: New Castle County Family Court
      Date: 01/16/2001 Disposition: **DISMISSED**


**08/14/2000**
Arresting Agency Name: Wilmington PD  Arrest Number: 77626
**001 WI: :0036:0068:M:  - LOITERING**
      Complaint Number: Click to view 3000074200
      Case Number: 0008013073 Court: New Castle County Family Court
      Date: 02/20/2001 Disposition: **NOLLE PROSEQUI**


**07/28/2000**
Arresting Agency Name: Wilmington PD  Arrest Number: 00002713
**001 DE:11:0824:0000:F::F  - BURGLARY THIRD DEGREE**
      Complaint Number: 3099020133
      Case Number: 0006004200 Court: Justice of the Peace Court 20
        Date: 07/28/2000 Disposition: **TRANSFERED TO ANOTHER COURT**
      Case Number: 0006004200 Court: New Castle County Family Court
        Date: 10/23/2000 Disposition: **DISMISSED**
**002 DE:11:0811:00A1:F::G  - CRIMINAL MISCHIEF- OVER $1500- DAMAGE
PROPERTY**
      Complaint Number: 3099020133
      Case Number: 0006004200 Court: Justice of the Peace Court 20
        Date: 07/28/2000 Disposition: **TRANSFERED TO ANOTHER COURT**
      Case Number: 0006004200 Court: New Castle County Family Court
        Date: 10/23/2000 Disposition: **DISMISSED**
**003 DE:11:0512:0001:F::G  - CONSPIRACY SECOND DEGREE-AGREEMENT TO
ENGAGE IN FELONY CRIMINAL CONDUCT**
      Complaint Number: 3099020133
      Case Number: 0006004200 Court: Justice of the Peace Court 20
        Date: 07/28/2000 Disposition: **TRANSFERED TO ANOTHER COURT**
      Case Number: 0006004200 Court: New Castle County Family Court
        Date: 10/23/2000 Disposition: **DISMISSED**
**004 DE:11:0841:000A:M::A  - THEFT UNDER $1000 (DEPRIVE)**
      Complaint Number: 3099020133
      Case Number: 0006004200 Court: Justice of the Peace Court 20
        Date: 07/28/2000 Disposition: **TRANSFERED TO ANOTHER COURT**
      Case Number: 0006004200 Court: New Castle County Family Court
        Date: 10/23/2000 Disposition: **DISMISSED**


**07/27/2000**                                                          A-43
Arresting Agency Name: Wilmington PD  Arrest Number: 03562
**001 DE:16:4754:000A:M::B  - POSSESSION OF A NONNARCOTIC SCHEDULE I
CONTROLLED SUBSTANCE-**
      Complaint Number: Click to view 3000067595

Case Number: 0008001094 Court: New Castle County Family Court
  Date: 08/24/2000 Disposition: **FOUND DELINQUENT**
  Click To View Sentence Detail

**03/15/1999**
Arresting Agency Name: Wilmington PD  Arrest Number: 99000899
**001 WI: :0036:0195:M:  - RESISTING/ HINDERING A POLICE OFFICER**
  Complaint Number: 3099005863
  Case Number: 9903011736 Court: Justice of the Peace Court 20
    Date: 03/15/1999 Disposition: **TRANSFERED TO ANOTHER COURT**
  Case Number: 9903011736 Court: New Castle County Family Court
    Date: 04/08/1999 Disposition: **NOLLE PROSEQUI**

**02/12/1999**
Arresting Agency Name: TROOP 2 STATE POLICE  Arrest Number: 005656
**001 DE:11:0611:0001:M::A  - ASSAULT THIRD DEGREE-INTENTIONALLY
RECKLESSLY CAUSE PHYSICAL INJURY**
  Complaint Number: 0699005909
  Case Number: 9901016404 Court: New Castle County Family Court
    Date: 04/08/1999 Disposition: **FOUND DELINQUENT**
    Click To View Sentence Detail

**08/17/1996**
Arresting Agency Name: Troop 6 State Police  Arrest Number: 44086
**002 DE:11:0511:0001:M::A  - CONSPIRACY THIRD DEGREE-AGREEMENT TO
ENGAGE**
  Complaint Number: 0696065947
  Case Number: 9609003671 Court: New Castle County Family Court
    Date: 04/22/1997 Disposition: **NOLLE PROSEQUI**

**08/17/1996**
Arresting Agency Name: Troop 6 State Police  Arrest Number: 44085
**001 DE:11:0840:00A1:M::A  - SHOPLIFTING UNDER $1000 REMOVE GOODS WARES
OR MERCHANDISE**
  Complaint Number: 0696065947
  Case Number: 9609003671 Court: New Castle County Family Court
    Date: 04/22/1997 Disposition: **ADMISSION**
    Click To View Sentence Detail

Copyright DELJIS (2005)

A-44

```
09/14/05                Criminal Justice Information System              47 R2 0012
13:23:06              Pending Complaint Incident Inquiry                 CJCR200M
Comp# 3203109360                                                         OJWIJES
Occurred SAT  09/06/2003 Time 1900 Reported MON  09/08/2003 Time 1708
Location Appleby RD WILTON PARK New Castle 19720             County: NEW CA
Off/Div/Ocr   1 = 2656 /2/01  2 =           3 =
 'fense LARCENY                      -      Domestic Related
Statute                          Literal
Investigator: OJNCKLC  OFF CAMP
   *VICTIM*              Seq 001 INDIVIDU  Name  WALKER KAREN ALICIA
   Dob  11/10/1962  Sex  F  Race  B  Res Ph  (302)395-9165   VIEW ALL CRIMES: _
   Addr  118 DUTTON CT        City  New Castle        State  DE  Zip  19720
   Employer  SELF EMPLOYED              Bus Ph  (000)000-0000
   Offense  LARCENY                         -           Pending -
   Statute                    LITERAL
   *WITNESS*              Seq 001 WITNESS   Name  WALKER DWAYNE NMN J
                              Res Ph  (302)395-9165
   Addr  118 DUTTON CT        City  New Castle        State  DE  Zip  19720
                              Bus Ph  (000)000-0000
   Relatn


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
       --   Menu  Quit  --    --   HIST  DOM  --   Escp  --    --    --
```

A-45





| DELJIS Menu | Web Searches | Support/Help |
|---|---|---|

License Inquiry On: WALKER,KAREN A



**DMV PHOTO**
(View Enlarged Photo)



**INCORRECT DAT**

If there is a mist
record or the Ima
correct, please cl
Support

---

**IDENTIFICATION INFORMATION:**

License Number: 1323063

Full Name: WALKER,KAREN A    Date of Birth: 11/10/1962   SSN: 190525681

Sex: **FEMALE**    Eyes: **BROWN**    Weight: 145    Height: 5' 4"

Address: 118 DUTTON DR EAGLE GLEN

NEW CASTLE , DE 19720

Vehicle Class: **CLASS D**    Expiration Date: 11/10/2009

Original Issue: 02/09/2000    Permit ID: No

Graduated License: No

Endorsements: None

Medical File: No    Organ Donor: Yes

Restrictions:
**NONE**

Admin Status: N/A    Current Issue: 07/22/2005    Status: **VALID**

Ignition Interlock Device Required: No    IID Expiration Date: N/A

Dup: 2    Violations: 1    Points: 3

A-47

---

**VIOLATION/ACTIONS:**

| Date | Court | Literal | Conviction Date | Points | Fine | Accident |
|---|---|---|---|---|---|---|
| 03/26/2005 | PA | 4164 A FAILED TO REMAIN STOPPED | 04/19/2005 | 03 | $00.00 | No |

---

**DRIVER HISTORY:**

| Date | Literal |
|---|---|
| 02/09/2000 | LIC SURR/PA-21104451 |

Copyright DELJIS (2003)

**05/01/2000** DUP LIC ISSUED PRIOR ISS 02/09/2000
**07/22/2005** DUP LIC ISSUED PRIOR ISS 11/30/2004

A-48

# DELJIS Web Applications

Page 1 of 2

**DELJIS Web Applications**
server.deljis.state.de.us

| DELJIS Menu | Web Searches | Support/Help |

License Inquiry On: WALKER,DEWAYNE SR



**DMV PHOTO**
(View Enlarged Photo)



INCORRECT DAT
If there is a mist
record or the ima
correct, please cl
Support

**IDENTIFICATION INFORMATION:**

License Number: **1276129**

Full Name: **WALKER,DEWAYNE SR**    Date of Birth: **02/26/1966**    SSN: **290740225**

Sex: **MALE**    Eyes: **BROWN**    Weight: **175**    Height: **5'11"**

Address: **118 DUTTON DR WEDGEWOOD II**

**NEW CASTLE , DE 19720**

Vehicle Class: **CDL CLASS B**    Expiration Date: **02/26/2008**

Original Issue: **10/05/1998**    Permit ID: **Yes**

Graduated License: **No**

**PASS B & C CMV ONLY**

Endorsements: **SCHOOL BUS**

Medical File: **No**    Organ Donor: **Yes**

Restrictions:

**NONE**

Admin Status: **N/A**    Current Issue: **03/16/2005**    Status: **VALID**

Ignition Interlock Device Required: **No**    IID Expiration Date: **N/A**

Dup: **1**    Violations: **1**    Points: **0**

A-49

**VIOLATION/ACTIONS:**

| Date | Court | Literal | Conviction Date | Points | Fine | Accident |
|------|-------|---------|-----------------|--------|------|----------|
| 11/27/1999 | PA | 4108 DISREGARD RED LIGHT | 12/01/1999 | 03 | $00.00 | No |

**DRIVER HISTORY:**

| Date | Literal |
|------|---------|

# PROBABLE CAUSE

1. Your affiant is Detective Michael Lawson, a police officer with the Wilmington Department of Police who has served in this capacity since January 16, 1989. Your affiant is currently assigned to the Criminal Investigation Division and has served in this capacity since November of 1998. Your affiant has received extensive training in criminal and drug investigations, has authored a number of search warrants, and participated in the execution of numerous State and Federal search warrants.

2. Your affiant can truly state that on 9-13-05, your affiant was assigned to investigate a homicide that occurred in the 1200 block of W. 3rd Street in the city of Wilmington. The Wilmington Police responded to the area of the 1200 block of W. 3rd Street at approximately 14:08 hours in reference to a stabbing. Upon arrival, the police located the victim, later identified as Dewayne Freeman DOB of 2-21-67, with an apparent stab wound to his upper right chest area. The victim was rushed to the Christiana Hospital by paramedics where he was pronounced dead by medical staff.

3. Your affiant can truly state the area was secured by officers and the Criminal Investigations Division was notified and responded to the location to investigate.

4. Your affiant can truly state that your affiant, Detective Michael Lawson, was assigned as the chief investigator and responded to the crime scene to investigate the homicide. This investigation is listed under WPD #30-05-89228.

5. Your affiant can truly state that during the course of the investigation, a cooperating witness, who will be referred to as CW1, was located and interviewed on this date at the Criminal Investigations Division. CW1 witnessed the incident and provided a statement to your affiant. CW1 stated the victim, Dewayne Freeman, was in the 1200 block of W. 3rd Street, at which time he was approached by the suspect, "Weesey". CW1 stated the suspect confronted the victim and accused him of stealing a package of drugs from him. The suspect then approached the victim and stabbed him with a folding pocket-knife. CW1 stated the suspect stabbed him once to his chest area and fled out of the area on foot with the weapon. CW1 described the suspect as wearing a black shirt, black Boston Celtics baseball cap and blue jean shorts.

6. Your affiant can truly state that on 9-13-05, a photo line up was presented to CW1. CW1 positively identified a photo of Dwayne Walker DOB of 12-10-82 as the subject known to CW1 as "Weesey" and as the subject that stabbed the victim, Dewayne Freeman.

7. Your affiant can truly state that on 9-13-05, your affiant signed warrants for Dwayne Walker DOB 12-10-82 in the Justice of the Peace Court #20 for Murder in the First Degree and Possession of a Deadly Weapon during the Commission of a Felony.

8. Your affiant can truly state that on 9-14-05, a past proven reliable informant contacted Detective Jeff Silvers of the Wilmington Police Drug Unit with information as to the whereabouts of the suspect, Dwayne Walker. The informant stated Walker is currently hiding at his mother's house in New Castle and is making plans to flee Delaware.

9. Your affiant can truly state that according to DELJIS Drecords, a Dwayne Walker DOB 12-10-82 with a previous reported incident at 118 Dutton Drive in New Castle.

10. Your affiant can truly state current records with Conectiv Power Company of Delaware show 118 Dutton Drive, New Castle registered to Dwayne Walker. A check on DELJIS currently shows Dwayne Walker Sr. with a current address of 118 Dutton Drive in New Castle.

WHEREFORE, your affiant prays that a search warrant be issued authorizing the search of:

**118 Dutton Drive, New Castle, Delaware 19720**

Which is located within New Castle County, State of Delaware in a manner prescribed by law in the daytime hours.

SWORN TO, or subscribed this ___14___ day of ___September___ 2005.

Detective Michael Lawson
Wilmington Police Department

Judge of the Justice of the Peace Court 20
for the City of Wilmington, State of Delaware

A-51





**DELJIS Web Applications**
server.deljis.state.de.us

| DELJIS Menu | Web Searches | Support/Help |

# Charge Summary Inquiry On: WALKER, DWAYNE A

INCORRECT D/

If there is a mist
record or the Im
correct, please c
Support

Date: 9/13/2005      Last Update Date: 08/31/2005
Token: A0002093

WARRANT AVAILABLE - Click to view Warrant(s)    183 ✱ 618 ✱ 5168 — chiper

---

**IDENTIFICATION INFORMATION:**

LiveScan/Mugshot(s) Available - Click To View
No Available DMV Photo

SBI
Number:                Driver's License(s):        (s):        Social Security Number

00354596    View    DE 1344226 - Click to                    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

Name(s) Used:                                Date(s) of Birth:
01  WALKER , DWAYNE  A                         12/10/1982

Sex: **Male**   Race: **Black**  Height: **6'00**  Weight: **175lbs**
Eye Color: **Brown**  Hair Color: **Black**   Place of Birth:

Current DOC Status: **PAROLEE**
Current DOC Agency/Institution: **P & P WILMINGTON**
Click to view DOC History

Click to view Address History

Address: **703 W 5TH ST**

                **WILMINGTON , DE 19802**  County: Unknown        A-52

---

**SCARS, MARKS AND TATTOOS:**

Scar—Left Eyebrow

---

**CAUTIONS, NOTICES, COMMENTS:**

**KNOWN TO ABUSE DRUGS**

---

**CHARGE/ARREST DATA:**

---

Total Reported Arrests: **016**      Total Warrants/Capiases: **017**

Active Warrants/Capiases: **001**

View Wanted Person Information Click Here

Click to see Executed Warrant Summary Screen

| Charge Summary: | Reported: | Convictions: |
|---|---|---|
| Felony | **011** | **003** |
| Misdemeanor | **020** | **011** |
| Violation | **000** | **000** |
| Other/Unknown | **000** | **000** |

---

**DELJIS CHARGE SUMMARY:**

---

**04/01/2005**
Arresting Agency Name: New Castle County SUPERIOR Court   Arrest Number: WU70501368
**007 DE:11:4334:0000:M: - VIOLATION OF PROBATION-**
     Case Number: 0109010116 Court: New Castle County SUPERIOR Court
       Date: 04/01/2005 Disposition: VF
       Click To View Sentence Detail
**008 DE:11:4334:0000:M: - VIOLATION OF PROBATION-**
     Case Number: 0109010116 Court: New Castle County SUPERIOR Court
       Date: 04/01/2005 Disposition: VF
       Click To View Sentence Detail

**03/23/2005**
Arresting Agency Name: New Castle County SUPERIOR Court   Arrest Number: WU70500590
**004 DE:11:4334:0000:M: - VIOLATION OF PROBATION-**
     Case Number: 0106020017 Court: New Castle County SUPERIOR Court
       Date: 04/01/2005 Disposition: VF
       Click To View Sentence Detail

**09/14/2001**
Arresting Agency Name: Wilmington PD   Arrest Number: 01003745
**001 DE:16:4751:000A:F::C - DELIVERY OF A NARCOTIC SCHEDULE I
CONTROLLED SUBSTANCE-**
**LIO - 16:4753:0000:M:A: - POSSESSION OF A NARCOTIC SCHEDULE I
COUNTERFEIT SUBSTANCE-**
     Complaint Number: Click to view 3001092820
     Case Number: 0109010116 Court: Justice of the Peace Court 20
       Date: 09/14/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
     Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON
PLEAS
       Date: 09/21/2001 Disposition: **PRELIMINARY HEARING WAIVED**
     Case Number: 0109010116 Court: New Castle County SUPERIOR Court
       Date: 10/10/2001 Disposition: **PLED GUILTY-LESS INC.OFF. OF SEC**

A-53

Click To View Sentence Detail
**002 DE:16:4767:00A1:F::G - DELIVERY OF NARC SCH I CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: Justice of the Peace Court 20
    Date: 09/14/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
    Date: 09/21/2001 Disposition: **PRELIMINARY HEARING WAIVED**
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
    Date: 10/10/2001 Disposition: **NOLLE PROSEQUI**

**003 DE:11:0512:0001:F::G - CONSPIRACY SECOND DEGREE-AGREEMENT TO ENGAGE**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: Justice of the Peace Court 20
    Date: 09/14/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
    Date: 09/21/2001 Disposition: **PRELIMINARY HEARING WAIVED**
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
    Date: 10/10/2001 Disposition: **PLED GUILTY ORIGINAL CHARGE**
    Click To View Sentence Detail

**004 DE:16:4754:000B:M::B - POSSESSION OF A NON-NARCOTIC SCHEDULE I CONTROLLED SUBSTANCE**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: Justice of the Peace Court 20
    Date: 09/14/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
    Date: 09/21/2001 Disposition: **PRELIMINARY HEARING WAIVED**
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
    Date: 10/10/2001 Disposition: **NOLLE PROSEQUI**

**005 WI: :0036:0094:M: - LOITERING FOR DRUG RELATED ACTIVITY**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: Justice of the Peace Court 20
    Date: 09/14/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
Case Number: 0109010116 Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
    Date: 09/21/2001 Disposition: **PRELIMINARY HEARING WAIVED**
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
    Date: 10/10/2001 Disposition: **NOLLE PROSEQUI**

**006 DE:16:4751:000A:F::C - POSSESSION WITH INTENT TO DELIVER A NARCOTIC SCHEDULE I CONTROLLED SUBSTANCE**

Complaint Number: Click to view 3001092820
Case Number: 0109010116 Court: New Castle County SUPERIOR Court
    Date: 10/10/2001 Disposition: **NOLLE PROSEQUI**

A-54

**09/12/2001**
Arresting Agency Name: New Castle County Family Court  Arrest Number: WU10101469
**005 DE:11:4334:0000:M: - VIOLATION OF PROBATION-**

Case Number: 0104015558 Court: New Castle County Family Court

Date: 10/01/2001 Disposition: **VF**
Click To View Sentence Detail

**07/17/2001**
Arresting Agency Name: New Castle County SUPERIOR Court  Arrest Number: WU70104464
003 DE:11:4334:0000:M:  **- VIOLATION OF PROBATION-**
    Case Number: 0102003251 Court: New Castle County SUPERIOR Court
        Date: 10/10/2001 Disposition: **VFT**
        Click To View Sentence Detail

**06/26/2001**
Arresting Agency Name: Wilmington PD  Arrest Number: 01002589
001 DE:16:4751:000A:F::C  **- POSSESSION WITH INTENT TO DELIVER A NARCOTIC
SCHEDULE I CONTROLLED SUBSTANCE**
    Complaint Number: Click to view 3001061318
    Case Number: 0106020017 Court: Justice of the Peace Court 20
        Date: 06/26/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
    Case Number: 0106020017 Court: NEW CASTLE COUNTY COURT OF COMMON
PLEAS
        Date: 07/05/2001 Disposition: **BOUND OVER, PROBABLE CAUSE**
    Case Number: 0106020017 Court: New Castle County SUPERIOR Court
        Date: 10/10/2001 Disposition: **NOLLE PROSEQUI**
002 DE:16:4767:00A1:F::G  **- DELIVERY OF NARCOTIC SCHED IV CONTROLLED
SUBSTANCE WITHIN 1000 FEET OF SCHOOL**
    Complaint Number: Click to view 3001061318
    Case Number: 0106020017 Court: Justice of the Peace Court 20
        Date: 06/26/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
    Case Number: 0106020017 Court: NEW CASTLE COUNTY COURT OF COMMON
PLEAS
        Date: 07/05/2001 Disposition: **BOUND OVER, PROBABLE CAUSE**
    Case Number: 0106020017 Court: New Castle County SUPERIOR Court
        Date: 10/10/2001 Disposition: **NOLLE PROSEQUI**
003 DE:16:4767:00A1:F::G  **- POSS OF NARC SCH II CONTROLLED SUBSTANCE
WITHIN 1000 FEET OF SCHOOL**
    Complaint Number: Click to view 3001061318
    Case Number: 0106020017 Court: New Castle County SUPERIOR Court
        Date: 10/10/2001 Disposition: **PLED GUILTY ORIGINAL CHARGE**
        Click To View Sentence Detail

**05/01/2001**
Arresting Agency Name: Wilmington PD  Arrest Number: 01001761
001 DE:11:0611:0001:M::A  **- ASSAULT THIRD DEGREE-INTENTIONALLY
RECKLESSLY CAUSE PHYSICAL INJURY**
    Complaint Number: 3001036489
    Case Number: 0104015558 Court: Justice of the Peace Court 20
        Date: 05/02/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
    Case Number: 0104015558 Court: New Castle County Family Court
        Date: 07/12/2001 Disposition: **GUILTY PLEA**
        Click To View Sentence Detail
    Case Number: 0104015558 Court: New Castle County SUPERIOR Court
        Date: 07/12/2001 Disposition: **GUILTY ORIGINAL CHARGE**

A-55

> Click To View Sentence Detail

**002 DE:11:0621:00A1:M::A  - TERRORISTIC THREATENING-THREAT COMMIT CRIME LIKLEY RESULT DEATH/SERIOUS INJURY**

> Complaint Number: 3001036489
> Case Number: 0104015558  Court: Justice of the Peace Court 20
>> Date: 05/02/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
> Case Number: 0104015558  Court: New Castle County Family Court
>> Date: 07/12/2001 Disposition: **NOLLE PROSEQUI**
> Case Number: 0104015558  Court: New Castle County SUPERIOR Court
>> Date: 07/12/2001 Disposition: **NOLLE PROSEQUI**

**003 DE:11:1102:00a4:M::A  - ENDANGERING THE WELFARE OF A CHILD COMMITTED CRIME CHILD WITNESSED**

> Complaint Number: 3001036489
> Case Number: 0104015558  Court: Justice of the Peace Court 20
>> Date: 05/02/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
> Case Number: 0104015558  Court: New Castle County Family Court
>> Date: 07/12/2001 Disposition: **GUILTY PLEA**
>> Click To View Sentence Detail
> Case Number: 0104015558  Court: New Castle County SUPERIOR Court
>> Date: 07/12/2001 Disposition: **GUILTY ORIGINAL CHARGE**
>> Click To View Sentence Detail

**004 DE:11:0811:00A1:M:  - CRIMINAL MISCHIEF UNDER $1000 DAMAGE PROPERTY**

> Complaint Number: 3001036489
> Case Number: 0104015558  Court: Justice of the Peace Court 20
>> Date: 05/02/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
> Case Number: 0104015558  Court: New Castle County Family Court
>> Date: 07/12/2001 Disposition: **NOLLE PROSEQUI**
> Case Number: 0104015558  Court: New Castle County SUPERIOR Court
>> Date: 07/12/2001 Disposition: **NOLLE PROSEQUI**


**02/04/2001**

Arresting Agency Name: Wilmington PD  Arrest Number: 01000499

**001 DE:16:4751:000A:F::C  - POSSESSION WITH INTENT TO DELIVER A NARCOTIC SCHEDULE I CONTROLLED SUBSTANCE**

> Complaint Number: Click to view 3001010333
> Case Number: 0102003251  Court: Justice of the Peace Court 20
>> Date: 02/04/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
> Case Number: 0102003251  Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
>> Date: 02/12/2001 Disposition: **PRELIMINARY HEARING WAIVED**
> Case Number: 0102003251  Court: New Castle County SUPERIOR Court
>> Date: 06/11/2001 Disposition: **PLED GUILTY ORIGINAL CHARGE**
>> Click To View Sentence Detail

**002 DE:16:4767:00A1:F::G  - POSS OF NARC SCH I CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL**

> Complaint Number: Click to view 3001010333
> Case Number: 0102003251  Court: Justice of the Peace Court 20
>> Date: 02/04/2001 Disposition: **TRANSFERRED TO ANOTHER COURT**
> Case Number: 0102003251  Court: NEW CASTLE COUNTY COURT OF COMMON PLEAS
>> Date: 02/12/2001 Disposition: **PRELIMINARY HEARING WAIVED**

A-56

Case Number: 0102003251  Court: New Castle County SUPERIOR Court
    Date: 06/11/2001  Disposition: **NOLLE PROSEQUI**

**12/12/2000**
Arresting Agency Name: New Castle County Family Court  Arrest Number: WU10001934
**002 DE:11:4334:0000:M:  - VIOLATION OF PROBATION-**
    Case Number: 0008001094  Court: New Castle County Family Court
        Date: 01/16/2001  Disposition: **DISMISSED**

**08/14/2000**
Arresting Agency Name: Wilmington PD  Arrest Number: 77626
**001 WI: :0036:0068:M:  - LOITERING**
    Complaint Number: Click to view 3000074200
    Case Number: 0008013073  Court: New Castle County Family Court
        Date: 02/20/2001  Disposition: **NOLLE PROSEQUI**

**07/28/2000**
Arresting Agency Name: Wilmington PD  Arrest Number: 00002713
**001 DE:11:0824:0000:F::F  - BURGLARY THIRD DEGREE**
    Complaint Number: 3099020133
    Case Number: 0006004200  Court: Justice of the Peace Court 20
        Date: 07/28/2000  Disposition: **TRANSFERED TO ANOTHER COURT**
    Case Number: 0006004200  Court: New Castle County Family Court
        Date: 10/23/2000  Disposition: **DISMISSED**
**002 DE:11:0811:00A1:F::G  - CRIMINAL MISCHIEF- OVER $1500- DAMAGE
PROPERTY**
    Complaint Number: 3099020133
    Case Number: 0006004200  Court: Justice of the Peace Court 20
        Date: 07/28/2000  Disposition: **TRANSFERED TO ANOTHER COURT**
    Case Number: 0006004200  Court: New Castle County Family Court
        Date: 10/23/2000  Disposition: **DISMISSED**
**003 DE:11:0512:0001:F::G  - CONSPIRACY SECOND DEGREE-AGREEMENT TO
ENGAGE IN FELONY CRIMINAL CONDUCT**
    Complaint Number: 3099020133
    Case Number: 0006004200  Court: Justice of the Peace Court 20
        Date: 07/28/2000  Disposition: **TRANSFERED TO ANOTHER COURT**
    Case Number: 0006004200  Court: New Castle County Family Court
        Date: 10/23/2000  Disposition: **DISMISSED**
**004 DE:11:0841:000A:M::A  - THEFT UNDER $1000 (DEPRIVE)**
    Complaint Number: 3099020133
    Case Number: 0006004200  Court: Justice of the Peace Court 20
        Date: 07/28/2000  Disposition: **TRANSFERED TO ANOTHER COURT**
    Case Number: 0006004200  Court: New Castle County Family Court
        Date: 10/23/2000  Disposition: **DISMISSED**

**07/27/2000**
Arresting Agency Name: Wilmington PD  Arrest Number: 03562
**001 DE:16:4754:000A:M::B  - POSSESSION OF A NONNARCOTIC SCHEDULE I
CONTROLLED SUBSTANCE-**
    Complaint Number: Click to view 3000067595

A-57

Case Number: 0008001094 Court: New Castle County Family Court
Date: 08/24/2000 Disposition: **FOUND DELINQUENT**
Click To View Sentence Detail

**03/15/1999**
Arresting Agency Name: Wilmington PD  Arrest Number: 99000899
**001 WI: :0036:0195:M:  - RESISTING/ HINDERING A POLICE OFFICER**
Complaint Number: 3099005863
Case Number: 9903011736 Court: Justice of the Peace Court 20
Date: 03/15/1999 Disposition: **TRANSFERED TO ANOTHER COURT**
Case Number: 9903011736 Court: New Castle County Family Court
Date: 04/08/1999 Disposition: **NOLLE PROSEQUI**

**02/12/1999**
Arresting Agency Name: TROOP 2 STATE POLICE  Arrest Number: 005656
**001 DE:11:0611:0001:M::A  - ASSAULT THIRD DEGREE-INTENTIONALLY
RECKLESSLY CAUSE PHYSICAL INJURY**
Complaint Number: 0699005909
Case Number: 9901016404 Court: New Castle County Family Court
Date: 04/08/1999 Disposition: **FOUND DELINQUENT**
Click To View Sentence Detail

**08/17/1996**
Arresting Agency Name: Troop 6 State Police  Arrest Number: 44086
**002 DE:11:0511:0001:M::A  - CONSPIRACY THIRD DEGREE-AGREEMENT TO
ENGAGE**
Complaint Number: 0696065947
Case Number: 9609003671 Court: New Castle County Family Court
Date: 04/22/1997 Disposition: **NOLLE PROSEQUI**

**08/17/1996**
Arresting Agency Name: Troop 6 State Police  Arrest Number: 44085
**001 DE:11:0840:00A1:M::A  - SHOPLIFTING UNDER $1000 REMOVE GOODS WARES
OR MERCHANDISE**
Complaint Number: 0696065947
Case Number: 9609003671 Court: New Castle County Family Court
Date: 04/22/1997 Disposition: **ADMISSION**
Click To View Sentence Detail

Copyright DELJIS (2005)

A-58



# WANTED

## WILMINGTON DEPARTMENT OF POLICE CRIMINAL INVESTIGATIONS DIVISION

## MURDER 1ST, PDWDCF



# Dwayne Walker

### A.K.A. "Weesey"

A-59

### BMNH-22, D.O.B. 12-10-82, 6' 0", 200 lbs.

### LKA 507 W. 5th Street

### *10-39 CONSIDERED ARMED & DANGEROUS*

An arrest warrant is on file for the above subject reference to a Homicide that occurred on 13 September 05.  The location of incident was 1200 block of W. 3rd Street where the suspect stabbed the victim(Dewayne Freeman).  The weapon, believed to be a small folding pocket-knife, has not been recovered.   Subject frequents the area of 3rd and Franklin Streets.

If located, please contact Detective Mike Lawson at 576-3643/ 247-2755 (pager) or Detective Steve Misetic at 576-3645.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DeWAYNE WALKER, SR, KAREN     :
WALKER, his wife, D.W., JR.., minor   :
child, and T.W., minor child,       :
                                  :

        Plaintiffs,          :     C.A. No. 06-288 KAJ
                                  :

     v.                     :
                                  :
THE CITY OF WILMINGTON, a political :
subdivision of the State of Delaware,   :
DETECTIVE MICHAEL R. LAWSON, JR.,:
individually and in his official capacity, and :
UKNOWN ENTITIES.          :
                                  :

        Defendants.        :

## DEFENDANTS THE CITY OF WILMINGTON AND DETECTIVE MICHAEL R. LAWSON, JR'S DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants City of Wilmington and Detective Michael R. Lawson, Jr., submit these initial disclosures based on information reasonably available at the time of submission. Defendants reserve the right to supplement these disclosures and the right to object to any disclosures based on appropriate grounds.

1.     **Names of individuals likely to have discoverable information:**

| | | |
|---|---|---|
| Cpl. Bruce Coffiey | Sgt. Scott Sowden | Lt. Christine Dunning |
| Cpl. John Ciritella | Sgt. Dennis O'Connor | Lt. William Browne |
| Det. Matt Hall | Sgt. Alton Rogers | |
| Cpl. Steve Brock | Sgt. Tom Spell | |
| Cpl. Scott Chaffin | Cpl. Matt Severance | |
| Cpl. Bill Gearhart | Cpl. Joe O'Neil | |
| Cpl. Ralph Hauck | Cpl. Tom Curley | |
| Cpl. Shawn Gordon | Cpl. Donnie Witte | |
| Cpl. Gene Solge | Cpl. George Pigford | |
| Cpl. Dave Simmons | Sgt. Ray Wyatt | |
| Cpl. Damian Vice | Sgt. Bob Donovan | |
| Cpl. Jeff Silvers | Cpl. Stephen Misetic | A-60 |

All above noted individuals can be located at the Wilmington Police Department, 300 N. Walnut Street, Wilmington, DE 19801

The named parties.

"Confidential Informant" whose identity will be disclosed under the terms and limitations of the forthcoming Joint Protective Order.

**2.    Documents:**

Law Enforcement Investigative File on DeWayne Walker.

**3.    Identification of Experts:**

Defendants have not retained any experts to date, but reserve the right to retain experts and supplement this response accordingly.

**4.    Insurance Coverage:**

The City is self-insured.

                        **CITY OF WILMINGTON LAW DEPARTMENT**

                        /s/ Alex J. Mili, Jr., Esquire
                        Alex J. Mili, Jr., Esquire (DE Bar Id. No. 4125)
                        800 N. French Street, 9th Floor
                        Wilmington, DE 19801
                        (302) 576-2175
                        Attorney for Defendants City of Wilmington and Detective
                        Michael R. Lawson, Jr.

Dated: July 24, 2006

                                                        A-61

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DeWAYNE WALKER, SR, KAREN    :
WALKER, his wife, D.W., JR.., minor    :
child, and T.W., minor child,    :
    :
    Plaintiffs,    :    C.A. No. 06-288 KAJ
    :
    v.    :
    :
THE CITY OF WILMINGTON, a political  :
subdivision of the State of Delaware,    :
DETECTIVE MICHAEL R. LAWSON, JR.,:
individually and in his official capacity, and :
UKNOWN ENTITIES.    :
    :
    Defendants.    :

### CERTIFICATE OF SERVICE

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 24th day of July, 2006, I filed

Defendant City of Wilmington and Detective Michael R. Lawson's Disclosure Pursuant to

Federal Rule of Civil Procedure 26 with the Clerk of Court using CM/ECF which will send

notification of such filing(s) that this document is available for viewing and downloading from

CM/ECF to the following:

> Victor F. Battaglia, Sr.
> Biggs & Battaglia
> 921 Orange Street
> Wilmington, DE 19801

> /s/ Alex J. Mili, Jr.
> Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
> Assistant City Solicitor
> City of Wilmington Law Department
> Louis L. Redding City/County Building
> 800 N. French Street, 9th Floor
> Wilmington, DE 19801
> (302) 576-2175
> amili@ci.wilmington.de.us

A-62

## Discovery Documents
1:06-cv-00288-KAJ Walker et al v. City of Wilmington et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Mili, Alex entered on 7/24/2006 at 2:05 PM EDT and filed on 7/24/2006

**Case Name:**        Walker et al v. City of Wilmington et al
**Case Number:**    1:06-cv-288
**Filer:**                  City of Wilmington
                          Michael R. Lawson, Jr

**Document Number:** 15

**Docket Text:**
INITIAL DISCLOSURES pursuant to Rule 26 by City of Wilmington, Michael R. Lawson, Jr.
(Attachments: # (1) Certificate of Service)(Mili, Alex)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/24/2006] [FileNumber=248442-0]
[a67bc927962998d63add4a169bb0f1d37ffbfdb2487bf3a8cd2a176a54cb4d297ea6
732ab63a580fef20cdf9a3359a9b66fca758aa8c16750428f50d2fb6b099]]
**Document description:** Certificate of Service
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=7/24/2006] [FileNumber=248442-1]
[172c05e7162a3de7b2a4137cf4169497acf1f915482e76edbdd1140af29c8c79033a
1699c98ca5122944d1d6d350105069acebf437bce1a494bd34ddbe18b3f5]]

**1:06-cv-288 Notice will be electronically mailed to:**

Victor F. Battaglia , Sr    victorsr@batlaw.com, felicia@batlaw.com

Alex J. Mili , Jr    amili@ci.wilmington.de.us, dkellam@ci.wilmington.de.us

**1:06-cv-288 Notice will be delivered by other means to:**

A-63

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DeWAYNE WALKER, SR, KAREN              :
WALKER, his wife, D.W., JR., minor     :
child, and T.W., minor child,          :
                                       :
      Plaintiffs,        :    C.A. No. 06-288 KAJ
                                       :
      v.                 :
                                       :
THE CITY OF WILMINGTON, a political :
subdivision of the State of Delaware,  :
DETECTIVE MICHAEL R. LAWSON,           :
JR., individually and in his official  :
capacity, and UKNOWN ENTITIES,         :
                                       :
      Defendants.        :

### PLAINTIFFS' ANSWERS TO DEFENDANTS' INTERROGATORIES

    1.    State the name and address of each doctor or health care provider with whom <u>each plaintiff</u> has treated for the past 10 years.

<u>**ANSWER**</u>    Dr. Richard Morris, 900 Foulk Road, Suite 200, Wilmington, Delaware 19803

        Dr. Maria Lazar, 1400 Peoples Plaza, Newark, Delaware 19702

        Dr. Carol Tavani, Medical Arts Pavilion, 4745 Ogletown-Stanton Road, Newark, Delaware 19713-2070

        See Plaintiffs' Rule 26 Disclosures.

    2.    Prior to the date of the incidents forming the basis of the claims in this lawsuit, has <u>any plaintiff</u> ever received any type of treatment from any type of mental health care provider, psychiatrist, psychologist, social worker, therapist, or counselor. If the answer is yes, as to each period of treatment, state the name and address of the treatment

provider, and the nature and dates of the treatment <u>for each plaintiff</u>.

**ANSWER**    No

3.    Identify and describe each "act" to which you are referring in Paragraph 21 of

the Complaint, noting specifically:

(a) which act was committed by which defendant, and

(b) which plaintiff(s) was/were the recipient(s) of each act.

**ANSWER** At this point the only individual defendant who has been identified is Defendant Lawson.  Plaintiffs reserve the right to supplement this response after discovery. The acts of Defendants referred to include those set forth in paragraphs 1 – 16 of the Complaint and also include:  The act of heavily armed officers forcefully entering 118 Dutton Drive, initially shocking and horrifying Karen A. Walker and Tatiana Walker.  The act of detaining Karen A. Walker and Tatiana Walker with laser-guided weapons drawn and aimed.  The act of surrounding DeWayne Walker, Jr. With laser-guided weapons drawn and aimed.  The act of detaining and restraining DeWayne, Walker, Sr. with hand restraints and with laser-guided weapons.  The act of interrogating a minor.

4.    Identify and describe each "act" to which you are referring in Paragraph 22 of

the Complaint, noting specifically:

(a) which act was committed by which defendant,

(b) which plaintiff(s) was/were the recipient(s) of each act, and

(c) Plaintiffs' factual basis for their claim that the acts described in Paragraph

22 were taken against Plaintiffs due to their race.

**ANSWER**   4(a) See answer to 3a above.
          4(b) See answer for question 3.
          4(c) We believe this act was solely based on the characteristics instead of the evidence. Our race allowed the defendants to override policies, procedures and protocols. The defendants' nonchalant attitudes as well as the negative stereotyping allowed this bias judgment to occur and transpire.  The only commonality with the suspect was race.

A-65

5.    Identify and describe the "physical and emotional stress, harm, anguish, shame and humiliation" to which Plaintiffs are referring in Paragraph 29(a) of the Complaint.

**ANSWER** As a family collectively we have experienced a change in appetite, skin problems, poor memory, mood swings, exhaustion, tension, poor concentration, angry outbursts, isolation, weight loss, insomnia, moodiness, nervousness, anxiety, deterioration of interpersonal relationships, spontaneous crying, hopelessness, resentment, nightmares, hyper-vigilance, always on guard, and feelings of guilt and jumpiness. Our relationships with close neighbors have deteriorated. We also feel very embarrassed. Neighbors have suddenly relocated. The respect once held in our community seems to have decreased.
    - See also medical records of Dr. Tavani

6.    Identify and describe the each incurred medical expense to which Plaintiffs are referring in Paragraph 29(b) of the Complaint, noting specifically;

        (a) which Plaintiff incurred which expense;

        (b) whether each expense has been paid or is outstanding; and

        (c) for expenses that have been paid, to whom and by whom they were paid.

**ANSWER**    See records of Dr. Tavani produced. The expenses are continuing.

7.    With regard to Paragraph 33 of the Complaint, please identify:

        (a) any and all inadequacies in the training to which you are referring, noting specifically what Plaintiffs believe could have made the training adequate, and

        (b) any alleged injuries that each Plaintiff incurred as a result of the alleged inadequacies identified in sub-section (a) above, and

        (c) the "supervisors" to whom Plaintiffs are referring in Paragraph 33,

A-66        (d) which of the said "supervisors" was involved in the raid that is the

subject of this Complaint;

(e)  how each said "supervisor" was involved in the raid that is the

subject of this Complaint;

(f)  how each said "supervisor" directed the raid that is the subject of

this Complaint; and

(g) which of these said "supervisors" knew of and/or acquiesced in the

conduct of the raid that is the subject of this Complaint.

**ANSWER** A.  The inability to select the correct suspect residence display an error in following policies, procedures and protocols.  The authorization of the Special Weapons and Tactics team on law-abiding innocent tax paying citizens displays lack of training.

B.  Ongoing.  See answer to question 5 and 6.

C - G.  The only individual as yet identified is Defendant Lawson.  Plaintiffs reserve the right to supplement their response after discovery.

8.    With regard to Paragraph 38, state Plaintiffs' factual basis for their claim that

the acts described in Paragraph 38 were taken by Detective Lawson due to

Plaintiffs' race.

**ANSWER** We believe the acts performed against us, the Plaintiffs, were solely based upon the characteristics instead of the evidence.  Our race allowed the defendants to override policies, procedures and protocols.  The defendants' nonchalant attitudes as well as stereotyping allowed this based judgment to occur and transpire. The only commonality with the suspect was race.

9.    With regard to Count IV of Plaintiffs' Complaint, please identify any similarly

situated individuals were treated differently than Plaintiffs?

**ANSWER**  Objection: This Interrogatory asks for information which by its nature is under the control of Defendants and for information not relevant to all allegations set forth in County IV. Without waiving the objection all persons in New Castle County named Walker.

10.    With regard to Paragraph 50, state Plaintiffs' factual basis for their claim that

A-67

the City police officers described therein traveled outside of their jurisdiction

due to Plaintiffs' race?

**ANSWER** See answer to Interrogatory numbers 4 and 8. Defendant City Police officers broke into Plaintiffs' house which is not in the City of Wilmington.

11.    State the length of the time, in terms of hours, minutes, and seconds, for the

"unreasonable amount of time" to which Plaintiffs are referring in Paragraph 54.

**ANSWER**    Objection:    This interrogatory calls for information which should be in possession of Defendant with respect to the amount of time Plaintiffs were detained by Defendants.

12.    List and describe every item of "damage to his home" that Plaintiffs are

referring to in Paragraph 13 of the Complaint, noting specifically:

(a) what was damaged,

(b) whether each item of damage was repaired,

(c) who made the repairs, and

(d) who paid for the repairs.

**ANSWER** A. Front Door, front door lock, screen door, entrance hall flooring and furniture, carpet throughout the entire home, attic door and ceiling, railing to the second floor. Walls throughout the

entire home as a result of the doors being opened with excessive force.  Miscellaneous and sacred items destroyed in attic.

B.  Front door repaired but structure damage doesn't allow door to secure properly.

C.  The Plaintiffs' repaired front door and screen door with locks, railing to the second floor damaged was repaired.

BIGGS & BATTAGLIA

Philip B. Bartoshesky, Esquire (I.D. #2056)
921 N. Orange Street
Post Office Box 1489
Wilmington, DE 19899
(302)655-9677
Pbarto@batlaw.com
Attorney for Plaintiffs.

DATE: September 12, 2006

A-69

WILMINGTON POLICE DEPARTMENT
CRISIS MANAGEMENT TACTICAL TEAM
AFTER ACTION REPORT

DATE: 15 Sep 05    TIME: 0610    LOCATION: 118 Dutton Dr., Bear.

NATURE OF CALL OUT: Search/Arrest Warrant for Murder Suspect

SUPERVISOR ORDERING CALLOUT:    Lt. Dunning

TIME OF ACTIVATION:                        14 Sep 05

COMMAND POST: NO:            XXXXX        YES:  LOCATION:

CMTT STAGING AREA:                CMTT GARAGE

CMTT COMMANDER:                        N/A

COMMAND POST COORDINATOR:            N/A

COMMUNICATIONS TEAM:                    N/A

NEGOCIATIONS COMMANDER:            N/A

NEGOTIATORS:                        N/A


TACTICAL TEAM

CMTT TEAM LEADER(S):            Lt. Bill Browne


CMTT TEAM MEMBERS AND ASSIGNMENTS:

| | |
|---|---|
| Bruce Coffiey | Breecher |
| John Ciritella | Breecher |
| Matt Hall | UMP/ 1st floor |
| Steve Brock | Contact/ 1st floor |
| Scott Chaffin | UMP/ 2nd floor |
| Bill Gearhart | Contact/ 2nd floor |
| Ralph Hauck | UMP/ 1st floor |
| Shawn Gordan | Contact/ 1st floor |
| Gene Solge | UMP/ 2nd floor |
| Dave Simmons | Contact/ 2nd floor |
| Damian Vice | K9/ assist perimeter |

A-70

| Scot Sowden | UMP/ support 2nd floor |
| Dennis O'Connor | support 2nd floor |
| Kyle Rogers | support 2nd floor |
| Tom Spell | support 1st floor |
| Matt Severance | support 1st floor |
| Joe O'Neil | K9/ rear perimeter |
| Tom Curley | support rear perimeter |
| Donnie Witte | K9/ front perimeter |
| George Pigford | support front perimeter |

SPECIAL INSTRUCTIONS:

Information from detectives indicated that this location was occupied by a subject wanted for a Homicide. The residence was believed to be the residence of the suspects family. On the day before this warrant, surveillance showed a female and a teenage male coming from the residence. There was also a possibility that there was a small child in the residence.

The raid plan called for the team to deploy in the block and approach the residence from the front. The front door would be the primary entry point. Once breeched the team would enter the residence and deploy as assigned and secure the residence. No NFDD's would be used due to the presence of children.

OUTCOME:

The team deployed as planned and approached the residence. The front door was found unlocked and the team entered. Team members deployed as assigned and secured the residence. All occupants were compliant and were secured in place. A male was located in the basement who was identified as Dwayne Walker. This was the name of the suspect, however this subject was not the wanted subject. All persons in the residence were T.O.T. C.I.D. There were no injuries reported.

NOTES:    This was not the residence of the suspect and the occupants were not related.

SUBMITTED BY:                                Lt. William R. Browne

A-71

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _A K Rogers_                    DATE: _9-15-05_

LOCATION OF CALL: _118 Dutton_

ASSIGNMENT: _MTC 2nd FL SUP._

WEAPON UTILIZED: _✗_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE: _✗_

PROBLEMS ENCOUNTERED: _None_

NOTES:

SIGNATURE: _[signature]_

A-72

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Matt Severance_                    DATE: _15 Sept 05_

LOCATION OF CALL: _118 Dutton Dr_

ASSIGNMENT: _Hands On_

WEAPON UTILIZED: _Dept. Issue_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_None_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE: _None_

PROBLEMS ENCOUNTERED: _None_

NOTES: _None_

SIGNATURE: _[signature]_

A-73

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: MATThew Hall                    DATE: 9/15/05

LOCATION OF CALL: 118 Dutton DR

ASSIGNMENT: 2nd Floor    MTC

WEAPON UTILIZED: Sub carried , NOT used,

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)

Sub gun

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

Dewayne WAlker JR. 15 yr old.

PROBLEMS ENCOUNTERED:

NOTES:

SIGNATURE: _____

A-74

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Damian Vice_                    DATE: _9/15/05_

LOCATION OF CALL: _118 Dutton Drive_

ASSIGNMENT: _Outside Assistance_

WEAPON UTILIZED: _40. Cal._

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:
_N/A_

PROBLEMS ENCOUNTERED:
_N/A_

NOTES:
_N/A_

SIGNATURE: _Damian Vice_

A-75

## WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Donald Lwitte J_   DATE: _15 Sept 05_

LOCATION OF CALL: _118 Dutton Dr._

ASSIGNMENT: _K9_

WEAPON UTILIZED: _____

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_____
_____

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_N/A_

PROBLEMS ENCOUNTERED:

_N/A_

NOTES: _Held Front Area_

SIGNATURE: _____

A-76

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _HAUCK_                                DATE: _15 Sept 05_

LOCATION OF CALL: _118 Dutton Court_

ASSIGNMENT: _MTC 2nd Floor_

WEAPON UTILIZED: _UMP Subgun_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)

_____

_____

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_Cleared Master Bedroom, Unoccupied._

PROBLEMS ENCOUNTERED: _None_

NOTES:

SIGNATURE: _[signature]_

A-77

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _William R. Gearhart_  DATE: _15 Sept 05_

LOCATION OF CALL: _118 Dutton Dr._

ASSIGNMENT: _1st Floor Contact / Basement_

WEAPON UTILIZED: _N/A_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:
_Made contact with (BM 39) on couch in basement. Subject was cuffed w/out incident._

PROBLEMS ENCOUNTERED:
_N/A_

NOTES:
_N/A_

SIGNATURE: _____

A-78

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Coffey_    DATE: _9-15-05_

LOCATION OF CALL: _118 Dutton Dr Bear_

ASSIGNMENT: _Breech_

WEAPON UTILIZED: _40_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_Ram X (Not used    Door Unlocked)_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_Stayed with BF & Small Child in Laundry_
_Room on 1st Floor. No force at_
_all_

PROBLEMS ENCOUNTERED:

NOTES:

SIGNATURE: _BEH_

A-79

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Dennis O'Connor_    DATE: _9/15/05_

LOCATION OF CALL: _118 Dutton Dr._

ASSIGNMENT: _2nd Floor Support_

WEAPON UTILIZED: _40 cal / TASER_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_N/A_

PROBLEMS ENCOUNTERED:

_N/A_

NOTES:

_N/A_

SIGNATURE: _Dennis O'Conn_

A-80

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: Steve Brock                DATE: 9-15-05

LOCATION OF CALL: 118 Dytton Drive

ASSIGNMENT: 2nd floor

WEAPON UTILIZED: None

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
Taser

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:
contacted lone 15 year old BM in second floor bedroom. Complied with verbal commands and was secure without being handcuffed. Tone was conversational and his demeanor appeared to be calm.

PROBLEMS ENCOUNTERED:
None

NOTES:
None

SIGNATURE: [signature]

A-81

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Joseph O'Neill_                    DATE: _9-15-05_

LOCATION OF CALL: ___118 Dutton Dr.___

ASSIGNMENT: ___K9 rear___

WEAPON UTILIZED: ___Sidearm___

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)

___police K9___

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

N/A

PROBLEMS ENCOUNTERED:

N/A

NOTES:

N/A

SIGNATURE: _Joseph J. O'Neill_

A-82

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Pigford_                              DATE: _15 Sep 05_

LOCATION OF CALL: _118 D Hen Ave_

ASSIGNMENT: _Foot security_

WEAPON UTILIZED: _None_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:
_No contact_

PROBLEMS ENCOUNTERED:
_N/A_

NOTES:
_N/A_

SIGNATURE: _____

A-83

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _T. Curley_                                    DATE: _15 Sept 05_

LOCATION OF CALL: _118 Dutton Dr._

ASSIGNMENT: _Rear Perimeter_

WEAPON UTILIZED: _____

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_____ _N/a_ _____

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_____ _N/a_ _____

PROBLEMS ENCOUNTERED:
_fenced / K9_

NOTES:

SIGNATURE: _Cpl Thomas Curley_

A-84

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _S/CPL. Scott Chaffin_        DATE: _15 Sep 05_

LOCATION OF CALL: _118 Dutton Dr. New Castle_

ASSIGNMENT: _1st Floor Contact_

WEAPON UTILIZED: _UMP-5_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/a_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_Proceeded to 1st Floor Livingroom + encountered a BF._
_Secured BF w/o incident._

PROBLEMS ENCOUNTERED:
_N/a_

NOTES:

SIGNATURE: _____

A-85

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Gene Sacca_                          DATE: _9-15-05_

LOCATION OF CALL: _118 Dutton ST. NC, DE_

ASSIGNMENT: _1ST FL. MTC_

WEAPON UTILIZED: _UMP 40_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_One adult female with small child found in seated position in 1st fl. laundry room. This officer asked her to remain calm and investigators would speak with her shortly. She complied._

PROBLEMS ENCOUNTERED:

_None_

NOTES:

_N/A_

SIGNATURE: _[signature]_

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Cirtte Na_                    DATE: _15 Sept 05_

LOCATION OF CALL: _118 Dutton_

ASSIGNMENT: _CMTT_

WEAPON UTILIZED: _40 cal_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)

_Hurst, Hollie, (Not used)_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_N/A_

PROBLEMS ENCOUNTERED:

_N/A_

NOTES:

SIGNATURE: _[signature]_

A-87

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Sowder_    DATE: _11 Sep 03_

LOCATION OF CALL: _118 Dutton Dr_

ASSIGNMENT: _2nd fl. Support_

WEAPON UTILIZED: _UMP_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_None_

PROBLEMS ENCOUNTERED:
_NA_

NOTES:

SIGNATURE: _____

A-88

## WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Simmons_                           DATE: _9/15/05_

LOCATION OF CALL: _118 Dutton, New Castle, DE_

ASSIGNMENT: ~~tac~~ _1st Fl, M+C_

WEAPON UTILIZED: _40_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_____

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_____
_____
_____
_____
_____
_____
_____
_____

PROBLEMS ENCOUNTERED:

_____
_____

NOTES:

_____
_____

SIGNATURE: _____

A-89

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Shawn Gordon_

DATE: _9/15/05_

LOCATION OF CALL: _118 Dutton CR_

ASSIGNMENT: _2nd Floor MTC_

WEAPON UTILIZED: _N/A_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)

_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_N/A_

PROBLEMS ENCOUNTERED:

_N/A_

NOTES:

_N/A_

SIGNATURE: _Shawn Gordon_

A-90

## WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _T. Spell_                                          DATE: _9-15-05_

LOCATION OF CALL: _118 Dutton Ave_

ASSIGNMENT: _1st Fl. Support_

WEAPON UTILIZED: _40_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_No Contact. Helped in Bsmt_
_and Cleared Unfinished Area_
_on Right w/ Severance_

PROBLEMS ENCOUNTERED:
_N/A_

NOTES:

SIGNATURE: _TVS_

A-91

# WILMINGTON POLICE DEPARTMENT

## CRISIS MANAGEMENT TACTICAL TEAM

### ACTIVITY REPORT

NAME: _Browne_                          DATE: _9/15/05_

LOCATION OF CALL: _118 Dutton Dr. Bear_

ASSIGNMENT: _1/2_

WEAPON UTILIZED: _.40_

SPECIAL EQUIPMENT: (ie., RAM, SHEILD, HYDRO TOOL, etc.)
_N/A_

NATURE / LOCATION OF CONTACT WITH PERSONS INSIDE OF TARGET RESIDENCE:

_Encountered B/M "Dwayne Walker"
in Basement. He was secured by Gearhart.
He was compliant. Larson Responded to basement
+ confirmed he was not the target. I cut him
Loose w/i 3min. No other contacts._

PROBLEMS ENCOUNTERED:
_None_

NOTES:

SIGNATURE: _[signature]_

A-92

# SUMMONSES, ARRESTS, & WARRANTS

Directive: **6.11**

A.    Authority

All enforcement efforts undertaken by members of this department will be consistent with all applicable Federal, State and Local laws and ordinances. Members must remain current as to those portions of law authorizing the exercise of police powers and will receive additional training as these laws are amended.

B.    Uniform Criminal Complaint and Summonses

A summons may, but need not, be issued for any misdemeanor or violation of City Code. Officers must carefully consider the nature of the violation, the character of the offender, and other relevant circumstances in determining whether to issue a summons or **physically** effect an arrest.

1.    Prohibitions to issuance

A summons will not be issued in lieu of arrest if any of the following conditions exist:

a.    The offense is of such a nature that a threat to the public peace or public safety may continue after the summons is issued.

b.    The subject is a juvenile (under 18 years). Refer to the Directive **entitled "Procedures for Dealing With Juveniles"** for instruction regarding juvenile arrests.

c.    The subject refuses to supply information necessary to complete the summons.

d.    The subject refuses or is unable to identify himself to the satisfaction of the officer. Some type of positive identification (driver's license, military ID card, etc.) should be obtained and noted in the report.

e.    The subject cannot prove that he is a resident of Delaware.

f.    The subject refuses to sign the summons containing the promise to appear in court.

g.  The subject is apparently under the influence of **alcohol,** drugs or other impairment which renders him incapable of comprehending the **terms and conditions** of the summons.

2.  Reporting Procedures

a.  Each incident in which a summons is issued will be recorded in the appropriate departmental report.

b.  The summons will bear the same complaint number as the report.

c.  **The victim's name and relationship to the offender will be printed along the left edge of the front of the Court Copy of the summons (white copy).**

d.  All witnesses to the incident will be listed on the reverse side of the white copy of the summons, in addition to the incident report and **subpoena request form (when appropriate).  This list must include the subject's name, home address (including city and state), home telephone number and date of birth.  In instances where a business is the victim ensure to include the reporting person.**

e.  **If the defendant is not taken before a Magistrate immediately a mandatory appearance date will be set by the issuing officer.  This date must be more than 14 days from the date of arrest, and will coincide with the officers scheduled day work.**

f.  Every block on the criminal summons must be completed (including date of birth, height, weight, eye color, hair color, etc.).

g.  **All summonses will be notarized by the House Sergeant and the copies distributed as follows:**

| | |
|---|---|
| White copy | J.P. 20 Court basket |
| Green copy | J.P. 20 Court basket |
| Canary copy | Offender |
| Goldenrod copy | Support Services Division (C.L.U.E.S. Operator) |
| Pink copy | Officer's records |

h.  **Issuing officers must inform the defendant that any communications with the Court regarding a change of plea or a request for a continuance must be made no sooner than five days from the date of issuance and not less than six days prior to the appearance date.**

3.    Special Circumstances

a.    Shoplifting

(1)    The store employee who witnesses the offense must be listed on all appropriate forms.

b.    Marijuana Possession

A criminal summons for possession of five grams or less of marijuana may be issued with the approval of a supervisor. (Five grams are equal to two nickel bags or six joints).

5.    Maintenance and Inspection

a.    **Summons books are supplied by and accounted for by the Records Division, Property Technician. Log books identifying the receiving officer will be maintained and made available for inspection as required.**

b.    The House Sergeant will maintain a summons log book and will enter the required information for each summons.

c.    **Corrections/Voidance**

(1)    **Correction**

When an error is made a single line will be drawn through the erroneous material, the correct entry inserted, and the correction initialed by the officer.

(2)    **Voidance**

If the entire summons needs to be voided, it will be:

(a)    marked "VOID" across the face;
(b)    attached to a departmental information report detailing the circumstances; and,
(c)    submitted to the Chief of Police for approval. Once approved, the departmental information report, and the summons will be forwarded to **the Records Division Property Technician** for disposition.

d.    Whenever a member separates from the department, the summons book is forwarded to the **Records**

**Division Property Technician** who will ensure all summons are accounted for.

C.    Arrests

1.    Arrests Without Warrant - Observed Incidents

All arrests initiated as a result of witnessed behavior will be based on the exercise of good judgement by the officer.  Officers may seek out alternative methods of resolution when possible.  The exceptions to this procedure are those misdemeanors specifically addressed by statute.  Witnessed felony behavior will in all cases result in arrest.

In all arrests officers will complete an incident report detailing the arrest.  An arrest report will be submitted as a supplemental report.  **The subpoena request form will be completed, as necessary and submitted to the appropriate Court.**  (For further information regarding completion of these reports refer to Chapter 4.)

2.    Arrests Without Warrant - Reported Incidents

a.    Misdemeanors

When investigating complaints of civil disagreements which do not possess the potential for escalation, officers are to advise the complainant to respond to the appropriate Court and seek a warrant.  Officers investigating incidents of this type are to submit a police report documenting the incident and may include a recommendation as to the issuance of a warrant or a summons.

b.    Felonies

All felonies regardless of the victim's desire for prosecution will be recorded by use of a crime report at a minimum.  Officers are responsible for the creation of a warrant when the identity of the offending party is known with no discretion on the part of the officer.  These procedures apply to all felonies and the specified misdemeanors.

3.    Arrest of Subjects on Probation

In all adult arrest situations, the arresting officer is to ask the arrestee if he is presently on probation.  If the arrestee is on probation, the officer is to attempt

to determine the arrestee's probation officer, to make contact with the officer and provide the details regarding the arrest. This is to be done regardless of the time of arrest.

If the arrestee acknowledges he is on probation but refuses to identify his probation officer, the arresting officer is to note on the arrest report the probation status. It will be the responsibility of the House Sergeant to compile a list of all arrestee's who are on probation.

The second-shift House Sergeant, will call the Counselor Supervisor of Probation and Parole for Superior Court and inform him of the names and charges of subjects arrested. This office can be contacted Monday through Friday, 0900 to 1630 hours, by calling 571-3448.

a.   Assisting Probation or Parole Officers

   1).  Normal Arrest Procedures:

      All officers will assist properly identified parole or probation officers in affecting the arrest of violators within City limits when requested.

      Under all circumstances, this arrest will be with either a warrant or a written statement from the probation or parole officer. If a written statement is used, a carbon or machine copy should be attached to the original report. A written report will be made in all instances, even if no arrest is made. The original copy of the statement is to be used as the detainer.

      It is not required that those people so arrested appear in court; consequently, they may be transported to the Delaware Correctional Institution by the first available transportation.

   2).  Parolees/Probationers With Weapons:

      (a)  When a probation and parole officer encounters a client who is either armed or has a weapon within his **control** (residence) they will **notify** this department and request assistance.

Personnel will be dispatched to assist in taking the client into custody, seize the weapon(s) in question and secure it, in accordance with prevailing procedures. Officers will comply with all mandated court procedures.

The probation and parole officer in this instance will continue to follow up with the felony screening unit, as well as the Deputy Attorney General who originally prosecuted the client, for further review. The weapon(s) will either be returned or forfeited, at which point, this Department will receive official notification of the facts and how to dispose of the weapon(s).

4.  Photograph and Fingerprint Updating

a.  Photographs and Remugs:

In order to preserve the continuity of, and ensure that current photographs are maintained in our photo file  the following guidelines must be followed.

(1)  Photographs

When an arrestee is initially processed he/she will be photographed.

(a)  The only identification article permitted in the photo will be the WPD Ident display showing the proper identification number and the date the photo was taken.

The arrestee will remove any hats, glasses, or other articles which could readily identify them.

Should the arresting officer require a photo with a hat, or other identifiable article depicted, then an additional series of photos is permitted.

(b)  All photographs will depict the arrestee looking forward (one frame) and to the left (one frame).

(2)   Remugs

Officers will re-photograph all persons arrested for a Class A Misdemeanor or more serious offense.

Additionally, arrestees will be re-photographed, at a minimum:

adults     -    every four years
juveniles -    every year

The following guidelines will be followed when re-photographing any arrestee:

(a)   the arresting officer will follow the guidelines in (B-4-a-1).

(b)   The arresting officer will then note on the appropriate section of the arrest report the date the photo was taken.

(c)   The arresting officer will complete the information required on the remug clipboard.

b.   Fingerprinting:

(1)   Any person who is arrested by this department for the first time will be processed by Identification/ EDU personnel. The only exception would be a person booked on a capias.

(2)   **Any person arrested a second or subsequent time will be processed by the arresting officer(s). This processing will consist of (2) two sets of fully rolled Federal Identification Cards. The only exception would be a person booked on a capias, for which right hand pat prints will suffice.**

(a)   After completing the needed information the officer will ink the arrestee's four (4) right fingers and thumb. The arresting officer will press down the inked fingers and thumb onto the lower portion of the card marked right thumb and fingers. The arresting officer will insure the prints are legible. Both arresting officer and arrestee will sign the card in the appropriate blocks.

Directive 6.11                          7                          30 April 1998

A-99

In cases where the right hand cannot be taken (e.g. amputation, deformity, broken finger), the arresting officer will follow the same procedures using the left hand.    In this case, the arresting officer will note in the right hand block the reason for taking the left hand prints.

The card will then be given to the Turnkey with the arrest report. Identification Unit personnel will retrieve the cards from the recid basket in the House Sergeant's Office on a daily basis.    The cards will then be compared with the arrestee's original prints.    The arrestee's file will be updated and the recid card will then be forwarded to the State Bureau of Identification (S.B.I.).

5.    Criminal Impersonation

Should identification personnel determine that an arrestee has provided false information the arresting officer will be notified via departmental mail.    It will be the responsibility of the arresting officer to sign warrants for the arrestee under his true identity based on the identification unit's information.

D.    Warrants

1.    **Execution of Warrants**

All arrest warrants will be executed by sworn law enforcement officers only.    In dealing with persons believed to be wanted the officer will confirm the existence of the document through the Data Center.    In cases where absolute confirmation is not possible, officers will act on the best information available which could include receipts or other official documents that indicate resolution.

2.    **Rule 9 Warrants**

**The following guidelines are put into effect:**

a.    When an officer seeks to indict a person who has not been arrested on the charge(s), that officer will ensure that the Deputy Attorney General at the intake proceedings is advised of:

      (1)   the charge(s)
      (2)   the appropriate case number(s)

b.    When a person is arrested on a Rule 9 warrant, (see section 2 relative to Rule 9 procedure) he shall be booked under the original case number(s) and charge(s).  He shall be booked at Magistrate Court.

    (1)   If there are multiple charges, there are multiple case numbers; each respective charge and case number will be booked on a separate arrest report.

    (2)   Also, each officer shall write in the body of the arrest report, "subject arrested pursuant to Rule 9 warrant issued on (date).

c.    When an officer arrests a person on authority of a Rule 9 warrant, the original charges of which stem from another jurisdiction (i.e., Delaware State Police, New Castle County Police, etc.)
The officer shall transport the individual to Central, where he will be held for the proper authorities to respond and take custody.
A miscellaneous report of the incident shall be submitted and the House sergeant shall enter such prisoner in the House Sergeant's book along with a disposition.

Except in the case of a Rule 9 warrant, where original charges stem from the Office of the Attorney General, the prisoner will be processed by this Department as a normal arrest, indicating the specific charge of the warrant, and in the body of the report, "for further information, see investigative report of the Department of Justice," and that the arresting officer is not needed in court.  The defendant shall then be taken before a judge or court commissioner of the Municipal Court or the nearest available Justice of the Peace for bail hearing.  On the Rule 9 warrant, there shall appear a Department of Justice complaint number and said number will be placed in the body of the report.  The booking officer shall draw a new complaint number for the arrest.

d.    When an officer arrests a person on authority of a Rule 9 warrant for failure to appear in answer to a summons, the officer shall book the arrestee on the charge of a "capias - Rule 9", and hold the individual for Superior Court.  A new case number will be drawn from the Communications Division in

this event.    In accordance with Superior Court rules of criminal procedure, the arrestee can be brought before Municipal Court for bail.

3.    Rule 9 Warrant Procedure    (General)

The Rule 9 Warrant is, in effect., the same as any other warrant processed by the Department of Police.  The major difference found in a Rule 9 warrant, as opposed to others, is that it issues from action initiated by the grand jury, rather than **Magistrate Court**.

Under Rule 9, a warrant will be issued for two reasons only:

a.    The individual is charged and indicted for a crime for which he has not been arrested.

b.    The individual, having been summoned to appear after indictment, failed to do so and warrant for his arrest is issued.

Example A:    John Doe has a warrant issued against him, on a charge of theft, from the **Magistrate's Court.**  When picked up, John Doe is booked on a charge of theft, not on a charge of **Magistrate Court** warrant.

Example B:    John Doe is indicted by the grand jury on a charge of theft, and a Rule 9 warrant is issued for his arrest. When he is apprehended, he is booked on a charge of theft, not a charge of Rule 9 warrant.

Example C:    If John Doe was arrested for theft by **a member of this** department and at the preliminary hearing the charges were dismissed or nolle prossed, but the arresting officer pursues the charge to the grand jury and obtains a true bill indictment, a Rule 9 summons will be issued for John Doe.

If John Doe does not appear in answer to the summons, then a Rule 9 warrant for failure to appear will be issued for his arrest.  This person when arrested would be booked on a charge of capias, not a charge of Rule 9 warrant.

All personnel are reminded that whenever a person is booked pursuant to a Rule 9 warrant, the original charge will be entered in Block 15 of the arrest report.

Additionally, an indication of a Rule 9 warrant will be entered in that block or in the continuation of the information for Block 15 in the body of the report. (Example: burglary 1st (Rule 9)).

4.    Warrant Service for Outside Agencies:

a.    Whenever an outside police agency requests assistance in serving a warrant in the City of Wilmington, we will dispatch a unit to assist, but the outside agency will make the actual arrest.

b.    If an outside agency requests that we serve a warrant, we will comply under the following conditions:

(1)    the name and position of the requesting officer will be recorded on the complaint; and

(2)    the Communications Unit will verify that the officer is a member of the requesting agency. This verification will be obtained either by calling the agency or other method that will provide reasonable cause to believe that such warrant does exist. This verification should include calling the Data Center of the requesting agency to verify that they have a warrant.

c.    Should an apprehension be made on a subject wanted by any outside agency, other than New Castle County Police, the prisoner will be transported to Central and held for that agency. The apprehension and transport of the prisoner will be recorded on a crime report classified as "Assist Other Authority."

d.    Whenever a member has occasion to exercise an arrest stemming from the New Castle County Police, that officer will immediately transport the prisoner to New Castle County Police headquarters on Route 13, and turned the prisoner over to them.

e.    In all such circumstances, an incident report will be submitted stating; the name of the arrestee, the time and place of arrest, the time that the prisoner was turned over to the County Police, and the name of the county officer receiving custody.

f.    Whenever New Castle County Police arrest an individual stemming from the Wilmington Police, that County

officer will transport his prisoner to Central, where he will be turned over to the Turnkey. It shall be the responsibility of the Turnkey to write the necessary arrest report noting the name of the County officer who made the apprehension or delivered the prisoner.

6.  **Affidavit of Probable Cause**

The Delaware Supreme Court has mandated that an affidavit of probable cause be submitted in all arrest or warrant situations. The affidavit must contain information sufficient to establish that a crime was committed, and how the named suspect was identified as the alleged perpetrator of the crime. All personnel are reminded that the affidavit is to be submitted in all arrest situations including in-presence felony and misdemeanor arrests, out-of-presence A.O. felony arrests and warrant requests. One affidavit of probable cause can be used to support several charges arising out of the same incident.

7.  **Arrest for Family Court Capias and Warrant**

a.  Whenever a subject is arrested for a Family Court capias or Family Court warrant, the subject will be transported to Central and booked on this charge. If this arrest takes place during court hours, the subject will be **transported** and released to the court immediately following the booking procedures.

b.  During those times when the Family Court is closed, a bail hearing will be held in Magistrate Court either in person or via the video-phone.

8.  **Arrest for Superior Court Capias**

All Superior Court capiases, regardless of the original arresting agency, will be processed and maintained **electronically.** The following guidelines will be utilized by members of the Department:

a.  All subjects taken into custody on a Superior Court capias for the Delaware State Police and **other** local departments will be transported to our headquarters, **and held for** the appropriate agency. Those for the New Castle County Police Department will be transported to County headquarters.

b.  Subjects taken into custody on Superior Court capiases, wherein our Department is the originating agency, will be brought to headquarters. The Data Clerk will confirm the existence of the capias and

will make a printout of the computer entry for the arresting officers.

c.   The subject will be booked accordingly.  If no other charges are being placed, then the defendant will be either turned over to the Sheriff's office when Superior Court is in session, or **bail will be set through the appropriate Magistrate Court, either in person or by video-phone.**

d.   If the defendant is transported to **any Magistrate Court,** the officers will maintain custody of the defendant at **that Court** during the arraignment, setting of bail, and commitment to the department of Corrections if bail cannot be obtained by the defendant.  At no time will custody be transferred to a constable.

e.   All of the action taken by the arresting officers, including; where the defendant was transported, **whether they were** committed in default **of bail, and if so the correctional** facility turned over to, will be listed on the report.

9.   J.P. Court #18 (MPCJF) Guidelines

a.   The following guidelines have been established by J.P. Court #18 located at the Gander Hill Multi-Purpose Criminal Justice Facility.  These procedures are to be followed when transporting subjects to Gander Hill due to felony arrests, and when custody is being transferred to the Department of Corrections.

b.   In an attempt to return police officers to active duty, it is **not** mandatory that they appear in court for bail setting and initial appearance.  However, the court must have the following documents relevant to each case:

(1)  - Arrest Report
(2)  - Probable Cause sheet
(3)  - Affidavit
(4)  - Complaint or Warrant for each offense
(5)  - Charge Summary sheet (see example)
(6)  - Bail Hearing form **(Officers are encouraged to make recommendations regarding the amount of bail requested.)**

c.   For W.P.D. on-site arrests (A.O.) the complaint/ warrant signed by the officer, which accompanies the arrest report, is sufficient.  After turning the defendant over to the custody of the Department of

Corrections, officers will leave the sally port and park their vehicles in the general parking area an proceed to court through the public entrance. At this point, the officers will deliver the appropriate reports to the Clerk of J.P. Court #18.

10.  Automated Warrant/Capias Procedures

The **"automated** warrant/capias system" is to be used to complete all AO arrests and warrants through the CJIS System.

It is important that set procedures are followed when generating warrants/AO's.  Following the below steps in their proper sequence will enhance arrest procedures and therefore **expedite** the entire arrest process.

a.   SECURING THE PRISONER

 1)   Search and secure prisoner's property.

 2)   Fill out a recidivist card and take the prisoner's fingerprints.

 3)   List all charges and get necessary information for the arrest procedure.

 4)   Make sure the turnkey **accepts custody of the prisoner** before leaving the cellblock area.

b.   NOTIFYING THE HOUSE SGT.

 1)   Before responding to the "warrant room", notify the House Sgt. that you have an arrestee giving the proper number of charges.

 2)   **Obtain** an arrest number from the House Sgt.

 3)   Check for outstanding warrants through the CJIS system and Data Center.

c.   AO/Warrant Procedures

 1)   Follow steps in the CJIS System Manual and **complete all inquiry screens prompted by the system.**

 2)   **The system will then print the appropriate documents** both in the Warrant Room and the Court.

A-106

d.   POST WARRANT/ARREST PROCEDURES

   1)   **With** your copy of the warrant/AO **respond** to the court for signature.

   2)   In the event that the court's copy of the warrant was lost through the phone line, an extra copy can be made of the warrant.

   3)   **Deliver** the signed copy of the warrant to the House Sgt. which shall be attached to the computer generated arrest report.

e.   COMPUTER GENERATED ARREST REPORTS

The computer generated arrest report contains **all required information** with two exceptions;

   1)   Officers are to place the case number in the top right hand corner of the arrest report.

   2)   Officers are to place the prisoner's right thumb print on the bottom right hand corner of the reverse side of the report.  The officer taking the print shall place his initials next to the print.

There are several blocks that need to be filled out in long hand as they are not addressed by computer information.

f.   DOWN TIME/SLOW RESPONSE/ASSISTANCE

Should an officer attempt to use the CJIS system and the computer is down, or if the system goes down during operation, the following steps shall be adhered to;

   1)   Contact the Deljis Help Desk at 1-739-4856, use this number for assistance on automated warrant/arrest problems, **and** error messages with instruction to call Deljis.

   2)   Contact the DSP Message Switcher at 1-739-5851, use this number for assistance **when** there is a slow/no response time.

NOTE -   both of these numbers are located on the computer monitors.

If Deljis or the Message Switcher advises that the system will be down longer than 15 minutes, or if the

Directive 6.11                               15                               30 April 1998

problem is not corrected within 15 minutes, the officer will **escape** from the system and proceed in th previous manner of writing out the arrest in longhand.

NOTE -    Should an officer not be able to use the system due to the system **problems** the officer will fill out the CJIS Log Book located in the House Sgt.'s Office. The officer will note the reason the warrant was not completed by use of the CJIS System. It will be the House Sgt.'s responsibility to **ensure** that the aforementioned procedures are complied with.

All officers are responsible for scheduling their our intakes using the CJIS System. When the systems is down, the officers will be responsible in contacting the Felony Intake Unit and scheduling his/her intake **by telephone.**

11.    For additional information regarding the completion of arrest reports refer to Directive 4.2.

E.    **Interaction with the Criminal Justice System**

1.    **Magistrate Court**

In all circumstances where an individual is charged with a misdemeanor or violation, either by physical arrest or the issuance of a summons, the arresting officer may during normal court hours, transport the subject directly to Magistrate Court 20 for arraignment. At that time the defendant will enter a plea. Should the individual plead guilty, appropriate sentencing will occur. The defendant may elect to plead not guilty and will be advised of their right to a jury trial in the Court of Common Pleas or continued action in the Magistrate Court. If the defendant decides to remain in the Magistrate system, a trial date will be set and the arresting officer will be responsible for prosecuting the case to its resolution.

During those times when Magistrate Court 20 is closed, bail hearings for all in-custody defendants will be when approved by the judge, conducted by video-phone with the appropriate Magistrate Court.

2.    **Court of Common Pleas**

The Court of Common Pleas has jurisdiction over those misdemeanors which the defendant requests be so transferred, as well as preliminary hearings for all felony

charges.  Prosecution of cases is coordinated with a Deputy from the Attorney General's Office.

(a)  A defendant who requests misdemeanor charges be heard in the Court of Common Pleas will reach resolution in this court.

(b)  When a defendant appears for a preliminary hearing of felony charges the case will either; be forwarded to the Superior Court, be concluded by a plea agreement, or the charges may be dismissed.

3.  Superior Court

The prosecution of all cases forwarded to the Superior Court for adjudication will be directed by a member of the Attorney General's Office.

All personnel receiving a subpoena from any court will adhere to the established policy detailed in the directive entitled "Procedures for Appearing in Court and Felony Intake."

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DeWAYNE WALKER, SR, KAREN          :
WALKER, his wife, D.W., JR.., minor    :
child, and T.W., minor child,          :
                                       :
          Plaintiffs,                  :          C.A. No. 06-288 KAJ
                                       :
     v.                                :
                                       :
THE CITY OF WILMINGTON, a political :
subdivision of the State of Delaware,  :
DETECTIVE MICHAEL R. LAWSON, JR.,:
individually and in his official capacity, and :
UKNOWN ENTITIES.                       :

## CERTIFICATE OF SERVICE

I, Alex J. Mili, Jr., Esquire, hereby certify that on this 22nd day of June, 2006, that I filed

the Appendix to Defendant's Opening Brief in Support of Their Motion for Summary Judgment

Vol. I with the Clerk of Court using CM/ECF which will send notification of such filing(s) that

this document is available for viewing and downloading from CM/ECF to the following:


          Victor F. Battaglia, Sr.
          Biggs & Battaglia
          921 Orange Street
          Wilmington, DE 19801


                    /s/ Alex J. Mili, Jr.
                    Alex J. Mili, Jr., Esquire (DE Bar I.D. #4125)
                    Assistant City Solicitor
                    City of Wilmington Law Department
                    Louis L. Redding City/County Building
                    800 N. French Street, 9th Floor
                    Wilmington, DE 19801
                    (302) 576-2175
                    amili@ci.wilmington.de.us