IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DeWAYNE WALKER, SR., KAREN WALKER, D. W., Jr. and T.W., )<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 06-288-SLR |
| ) | |
| THE CITY OF WILMINGTON and DETECTIVE MICHAEL R. LAWSON, )<br>)<br>) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington this 5th day of May, 2010, having reviewed the pending motions in light of the Third Circuit's January 14, 2010 opinion;

IT IS ORDERED that the parties shall supplement the above motion practice as follows:

1. In connection with determining whether any undue prejudice flows from allowing plaintiffs to file a second amended complaint, I have reviewed the papers associated with the prior summary judgment motion practice. In that regard, it is my impression that the issue of when the search warrant was executed (before or after 6:00 AM) was raised for the first time as a new legal theory in plaintiffs' answering brief to defendants' motion for summary judgment.[1] Although the basis for the new theory

---

[1] "Finally, the warrant (even though invalid) authorized only a daytime search (i.e., after 6:00 AM by statute, 11 Del. C. § 2308). **It was, *per se*, unreasonable for the SWAT Team to break in before 6:00 AM.**" (D.I. 50 at 23) (emphasis added)

has been identified as plaintiffs' deposition testimony, it is unclear to me whether the theory was otherwise vetted through discovery; i.e., were other witnesses questioned about the time of execution of the warrant with the *per se* unreasonableness of a pre-6:00 AM search clearly at issue?

2. In their prior responsive briefing to plaintiffs' *per se* unreasonableness theory, defendants argued that, "[e]ven if there [were] a technical violation of Section 2308, non-compliance with state statutes does not establish a federal constitutional violation for Section 1983 liability." (D.I. 52 at 10) Defendants cited no case authority for this proposition.

3. Therefore, with the above in mind, on or before **May 26, 2010**, the parties shall provide to the court:

   a. Copies of any discovery addressing the time of execution of the search warrant, including the relevant portions of any deposition transcripts from witnesses.

   b. Memoranda of points and authorities (no more than five pages in length) addressing the proper scope of plaintiffs' "*per se* unreasonableness" legal theory (assuming the motion to amend is allowed) vis a vis Section 1983 liability and whether the prior inconsistent statements contained in the original and first amended complaints can be used to impeach plaintiffs' present assertions regarding the time of execution of the search warrant. In this context, please address the issue raised by the Third Circuit, that is, that none of plaintiffs' complaints has been verified by them.

_____
United States District Judge